THE BURLINGTON AND MISSOURI RIVER RAILROAD COMPANY v. SHAW.

A judgment by default, is a confession of the plaintiff's cause of action, and that something is due and payable, but not a confession of any fact necessary to be proved on the assessment of damages.

Where the plaintiff's demand is unliquidated, or where the defendant's whole liability is not fixed by the instrument of writing declared on, the amount of the plaintiff's damages must be ascertained by the court, unless a jury be demanded by the party not in default.

Where the action is for a mere money demand, and the amount the plain-

tiff is entitled to recover, is a mere matter of computation, the clerk of the court may assess the damages.

*Appeal from the Des Moines District Court.*

MONDAY, JANUARY 18, 1858.

Suit on a subscription to the capital stock of a railroad company. The plaintiffs aver that defendant subscribed for one share of stock, to be paid in such instalments as should be called for by the board of directors, not exceeding five per centum per month; and that the whole amount subscribed had been called for, in instalments of five per centum per month, according to the charter of the company, of which due notice had been given to defendant. There was judgment by default *against* defendant, for want of an answer; and the clerk having assessed the plaintiffs damages, judgment in chief was rendered for the amount so assessed, from which defendant appeals.

*J. C. Hall*, for the appellant.

*David Rorer*, for the appellee.

STOCKTON, J.—We shall notice only the second error assigned by defendant, viz: that the plaintiffs' damages were assessed by the clerk, without any authority of law. The shares of the company were one hundred dollars each, and the defendant is charged, in the bill of particulars accompanying the petition, with the sum of one hundred dollars, as due in instalments of five dollars per month, commencing with June 1, 1854. No copy of the subscription made by defendant, is annexed to the petition. The judgment by default was a confession of the plaintiffs' cause of action, but was not a confession of any fact necessary to be proved on the assessment of damages. It was incumbent on plaintiffs to prove, that the amount subscribed by defendant had been called for by the board of

directors, according to the charter of the company, and that notice thereof had been given to defendant.

In the regular course of proceeding, where the plaintiff's demand is unliquidated, or where the defendant's whole liability is not fixed by the instrument of writing declared on, the amount of the damages must be ascertained by the inquisition of a jury, upon a writ of inquiry. Under the Code, when the action is for a money demand, and the amount the plaintiff is entitled to recover, is a mere matter of computation, the clerk may assess the damages. In other cases, they are to be assessed by the court, unless a jury be demanded by the party not in default. Sections 1828, 1830.

The judgment by default admits the averment of the cause of action, as alleged in the petition, and that something is due and payable. It admits, in this instance, that the defendant subscribed for one share of stock in the the plaintiffs' company, to be paid as called for by the board of directors, as stated in the petition. But, as defendant's liability was not precisely and definitely fixed by the articles of subscription, and as the amount subscribed by him was not to be paid until called for by the board of directors, in instalments according to the undertaking, and as allowed by the charter of the company—nor until defendant had been notified of such calls—there could be no assessment of damages, nor final judgment, against him, until proof of these facts was made, as averred in the petition. The clerk could not take the proof of these facts, and was not authorized to assess the damages. That duty devolved upon the court, unless a jury were demanded by the party not in default.

Judgment reversed.