[L. A. No. 3804. Department Two.—March 15, 1917.]

# H. A. LANDWEHR, Appellant, *v.* G. G. GILLETTE et al., Respondents.

PROMISSORY NOTE—PROVISION FOR REASONABLE ATTORNEY'S FEES—DEFAULT—CLERK CANNOT ENTER JUDGMENT FOR ATTORNEY'S FEES.— In an action upon a promissory note containing a provision for the payment of such reasonable attorney's fees as may be fixed by the court in the event of suit thereon, the clerk has no ministerial authority, under section 585 of the Code of Civil Procedure, upon the default of the defendant after personal service of summons, to enter judgment against the defendant for the amount alleged in the complaint as a reasonable attorney's fee. Such an action is not one "upon contract for the recovery of money or damages only," within the purview of subdivision 1 of that section, in which the clerk could enter up a judgment as prayed for in the complaint.

ID.—MINISTERIAL POWER OF CLERK TO ENTER JUDGMENT ON DEFAULT.— While the language used in subdivision 1 of that section is quite broad and authorizes the clerk after default to enter up judgment in all actions "arising upon contract for the recovery of money or damages only," still what is meant by that language is that the contract to warrant the exercise of such authority by the clerk alone in entering judgment must by its terms as set forth in the complaint call for the payment of some fixed and definite sum in money or damages; otherwise, the matter is one for judicial determination by the court.

ID.—ADMISSION OF ALLEGATION AS TO AMOUNT OF REASONABLE ATTORNEY'S FEES.—The failure of the defendant to answer did not operate as an admission that the sum alleged in the complaint was a reasonable attorney's fee, but only admitted that something was due as attorney's fee, the amount of which was to be determined by the judgment of the court itself.

APPEAL from an order of the Superior Court of Los Angeles County setting aside a judgment. Paul J. McCormick, Judge.

The facts are stated in the opinion of the court.

Williams, Goudge & Chandler, for Appellant.

Jones & Evans, for Respondents Nathan W. Hale and F. Lower.

B. J. Bradner, for Respondent G. G. Gillette.

S. F. Macfarland, for Respondent W. F. Fundenberg.

LORIGAN, J.—This is an appeal from an order of the superior court of Los Angeles County setting aside a judgment.

The action in which the judgment was entered was brought to recover upon a promissory note executed by defendant Fundenberg and indorsed by the other defendants. As set out in the complaint the note was for three thousand dollars principal, with six per cent interest, and contained a provision that "in case suit is instituted to collect this note, or any portion thereof, I promise to pay such additional sum as the court may adjudge reasonable as attorney's fees in said suit," and it was alleged in the complaint that the sum of five hundred dollars was a reasonable attorney's fee to be paid to the plaintiff on the bringing of said suit. The prayer was for a judgment for the principal and interest on the note, five hundred dollars attorney's fee, and costs of suit.

Defendants were duly served with summons but made no appearance in the action. Thereafter their defaults were entered by the clerk of the court who, on the same day, himself entered up a judgment against defendants for the amount prayed for in the complaint, including therein the sum of five hundred dollars as attorney's fees. Subsequently certain of the defendants moved to set aside said judgment, which motion being granted, this appeal is taken therefrom by plaintiff.

The sole question presented on this appeal is as to the authority of the clerk of the court on default to enter a judgment in the action, including reasonable attorney's fees. The authority of the clerk of the court to enter up a judgment where a defendant has defaulted after personal service of summons on him is given by subdivision 1 of section 585 of the Code of Civil Procedure, and quoting from such portion as is material here, provides that "in an action arising upon contract for the recovery of money or damages only, . . . and no answer has been filed . . . the clerk, upon application of the plaintiff, must enter the default of the defendant, and immediately thereafter enter judgment for the amount demanded in the complaint, including the costs. . . . " Subdivision 2 of said section provides that "in other actions,

if the defendant has been personally served and no answer has been filed . . . the clerk must enter the default of the defendant; and thereafter the plaintiff may apply to the court for the relief demanded in the complaint.''

These embrace the only provisions respecting an entry of judgment upon default made after personal service, and the question is, Was the action upon this promissory note, as far as the claim respecting reasonable attorney's fees is concerned, such an action ''upon contract for the recovery of money or damages only'' where judgments shall be entered by the clerk, or did it fall within ''those actions'' where the plaintiff must apply to the court for the relief demanded in the complaint? It is, of course, well settled that the authority given the clerk to enter judgment after default is, when properly exercised, a ministerial one solely. His power must be conferred by the statute, and in exercising it he must conform strictly to the provisions of the section or any judgment entered by him will be void. (*Kelly* v. *Van Austin,* 17 Cal. 564; *Wharton* v. *Harlan,* 68 Cal. 422, 425, [9 Pac. 727]; *Crossman* v. *Vivienda Water Co.,* 136 Cal. 571, 574, [69 Pac. 220]; *Farrar* v. *Steenbergh,* 173 Cal. 94, [159 Pac. 707].) Was the suit in which the judgment therein was entered an action ''upon contract for the recovery of money or damages only?'' within the purview of subdivision 1 of the section in which the clerk could enter up a judgment as prayed for in the complaint? We are satisfied that it was not.

While the note provides that reasonable attorney's fees, if incurred by the bringing of an action, shall be fixed by the court, we do not attach particular importance to that circumstance. In the view we take of the construction to be put on the subdivision of the code referred to, that particular reference to the court would require no different construction if it were not contained in the note. While it is true that the language used in subdivision 1 of the section is quite broad and authorizes the clerk after default to enter up judgment in all actions ''arising upon contract for the recovery of money or damages only,'' still what is meant by that language is that the contract to warrant the exercise of such authority by the clerk alone in entering judgment must by its terms as set forth in the complaint call for the payment of some fixed and definite sum in money or damages. In the nature of things this provision of the code must be con-

strued to apply to contracts which provide for some definite fixed amount of damages ascertainable from the contract sued on, or from the terms of which a certain computation or calculation may be made by the clerk. As the duty of the clerk is purely ministerial, his power could only be exercised and properly apply in the case of such a contract, and must be limited thereto. If the contract declared on is indefinite and uncertain in the amount of damages which plaintiff is entitled to recover on it, and in the nature of things must be ascertained and fixed, the matter then is necessarily one for judicial determination by the court and not for ministerial action by the clerk. Hence, it must appear from the contract sued on, either from its terms as set forth in the complaint or from the allegations in the latter respecting it, that a definite or liquidated sum of money is to be paid as damages; an amount which is definitely fixed by the contract sued on, or which from the allegations of the complaint may be ascertained by mere computation or mathematical computation of the clerk. When this is the situation the clerk in entering judgment acts simply in a ministerial capacity. Nothing more is required of him than to figure up from exact data in the contract or in the complaint what plaintiff is entitled to, and, hence, an entry of judgment would be authorized under the section. But this is not the situation presented here. The contract—the note—does not amount to a liquidated demand for a certain, definite, fixed sum of money consisting of principal and interest which would leave to the clerk on a default only the duty of making a mere calculation of interest to fix the exact amount of damages for which judgment should be entered. It is rendered uncertain or indefinite by reason of the provision for reasonable attorney's fees to be allowed on the contingency of suit to collect the note as special damages. While the complaint alleges that five hundred dollars is a reasonable attorney's fee, it does not lie with plaintiff to determine what shall constitute a reasonable attorney's fee, nor can his counsel bringing the action fix the amount thereof for purposes of a judgment by alleging in the complaint a sum which he may think would be reasonable. Its reasonableness could not be ascertained by computation because no data has been furnished in the note or complaint for doing so. It must remain uncertain and indefinite until resolved into a certain

sum by someone authorized to do so. Certainly, it is not a ministerial duty for the clerk, but is one pre-eminently judicial to be performed by a court. It is argued that the failure of defendants to answer was an admission by them that the sum alleged was a reasonable attorney's fee. But this is not the legal consequence which follows from such default as far as entering a judgment by the clerk is involved. The default is an admission of some things. In an action of this character, for instance, it admits that by the terms of the note sued on the defendants are liable, in addition to principal and interest, for the payment of some amount as a reasonable attorney's fee, and that the plaintiff is entitled to have a recovery therefor. But this is as far as the default constitutes an admission. It simply admits that something is due as a reasonable amount for attorney's fees, but not that the amount alleged in the complaint constitutes it. This, under the contract and under the law, is a matter peculiarly for judicial determination which a defaulting defendant knows or is presumed to know, and while he admits the breach of the contract by his default and his liability for general damages, in those amounts which can be determined by exact computation from the note or the complaint setting forth its terms, yet as to the recovery of reasonable attorney's fees, which are special damages authorized to be recovered in addition to the general damage, his default only admits he is liable in some sum, but only in such a sum as may be determined after his default by the judgment of the court itself. In 23 Cyc. 753, speaking on this subject it is said: "If the action is in tort or upon an unliquidated claim or demand, default admits plaintiff's right to recover but not the amount to which he is entitled, and therefore further proceedings will be necessary to determine the amount of the judgment. But if the cause of action is such that plaintiff is entitled to recover a fixed sum, or nothing at all, or if the amount of the damages is ascertainable by mere calculation, the default admits his right to recover the sum demanded in the declaration or complaint and the judgment may be entered therefor."

An action like this, in so far as it involves a recovery of reasonable attorney's fees under the terms of a note providing therefor in case of suit, is no different from an action brought for the recovery of the reasonable value of goods, wares, and merchandise sold and delivered to defendant and

alleged to be reasonably worth the sum charged; or an action for services rendered to defendant which are alleged to be reasonably worth a certain sum.  It is settled, in those cases, that as the contract sued on is not certain or definite as to the amount for which defendant is liable, although the complaint alleges a fixed sum as the reasonable value, a default does not admit the liability to the extent charged, but simply a liability to some extent, and the amount of the recovery is to be determined by the court to which application must be made therefor, and respecting which the clerk has no right to make entry of judgment.  (*Burlington & M. R. R. Co.* v. *Marchand,* 5 Iowa, 468, 471; *Burlington & M. R. R. Co.* v. *Shaw,* 5 Iowa, 463; *Wynne* v. *Prairie,* 86 N. C. 73, 90; also, *Witt* v. *Long,* 93 N. C. 388, 391; *Wolf* v. *Hamberg,* 8 S. C. 82, 84; 1 Black on Judgments, 2d ed., sec. 89, p. 117.)

There is nothing in the case of *Alexander* v. *McDow,* 108 Cal. 25, [41 Pac. 24], cited and relied on by both sides, which directly aids in the solution of this question either way, although inferentially it seems to support the claim of respondent.  In that case there was a default judgment, but there was no question raised in the case of the right of the clerk to enter up the amount of a reasonable attorney's fee. There was no allegation of a reasonable fee for the reason that the note sued on there provided that in the event of suit the plaintiff should recover ten per cent of the total amount found due on the note as attorney's fees.  There was no question about the power or want of power of the clerk to enter a default judgment in the case as to an attorney's fee.  As far as any question about the entry of judgment for attorney's fees in that case was concerned, the claim was that the complaint in the action did not contain a sufficient allegation to support its allowance.  As the complaint set forth the note in full which embraced a provision for an attorney's fee, and alleged the amount due for principal and interest, it was held that there was a sufficient allegation on which to base an allowance of such fee as a simple matter of computation; that the provision in the note itself as to attorney's fees and the allegation of the amount due for principal and interest in the complaint left only a ministerial duty for the clerk to perform, namely, to figure up the attorney's fee at ten per cent on the principal and interest due.  This is a very different matter from the clerk entering up a judgment for an

attorney's fee under the provision of a note stipulating only for the payment of reasonable fees.

The order appealed from is affirmed.

Melvin, J., and Henshaw, J., concurred.