[Civ. No. 3554.    Second Appellate District, Division Two.—October 25, 1921.]

## NEAL HART, Respondent, v. CAPITAL FILM COM-PANY, INC. (a Corporation), Appellant.

[1] JUDGMENT-ROLL—CONTENTS—APPEAL—ORDER FIXING TIME TO AN-SWER.—Under section 670 of the Code of Civil Procedure, an order fixing the time to file an amended answer, or an answer to an amended and supplemental complaint, after answer stricken out, is not a part of the judgment-roll; and, where an appeal is taken on the judgment-roll alone, such an order, though included therein, may not be considered.

[2] ID.—FAILURE TO ANSWER—ENTRY OF DEFAULT BEFORE TEN DAYS —LACK OF ERROR.—A judgment-roll which shows that the default of the defendant was entered without allowing it ten days after service and filing of an amended and supplemental complaint to answer does not show error, there being no showing as to the time allowed by the court in which the defendant might have answered such complaint.

[3] JUDGMENT—DEFAULT—MINISTERIAL CAPACITY OF CLERK—PRESUMP-TION IN FAVOR OF ACTS. — While a clerk acts in a ministerial capacity in entering defaults and in rendering default judgments and while his acts are not supported by the presumptions to be indulged in connection with the judgments of courts of superior jurisdiction, he is a public officer and his solemn acts done in the discharge of his official duty cannot be set absolutely at naught except upon some affirmative showing that they have been incor-rectly performed.

[4] ID.—RECITALS IN DEFAULT JUDGMENT—PRESUMPTION OF CORRECT-NESS.—Where the judgment rendered by the clerk recites, among other things, that defendant's "legal time for answering having expired" judgment against it is "hereby rendered," etc., and the statement showing the entry of default also recites that the time for answer has expired, it will be assumed on appeal, in the ab-

sence of any showing to the contrary, that the clerk's duty was properly performed and that the judgment by default was properly rendered.

APPEAL from a judgment entered pursuant to default by the clerk of the Superior Court of Los Angeles County. Affirmed.

The facts are stated in the opinion of the court.

Walter E. Burke for Appellant.

Wetherhorn, Hoyt & Jones for Respondent.

WORKS, J.—This is an appeal from a judgment entered pursuant to default. The printed transcript on appeal shows, among others, the following papers and minute orders: The complaint; a demurrer to the complaint; an order overruling that demurrer; the answer; an order striking the answer from the files, with which is incorporated an order granting leave to file a supplemental complaint and an order granting leave to file an amended answer; an amended and supplemental complaint; the entry of default; and a judgment by default, by the clerk of the court. The amended and supplemental complaint, which was filed June 2, 1920, was introduced by the statement that its filing was upon leave of court. Included with the order giving leave to file a supplemental complaint, there was, as we have observed, an order granting leave to file an amended answer. The time allowed for that purpose by the order was three days. The defendant having filed no answer to the amended and supplemental complaint, his default was entered on June 7th and a judgment on the default was rendered June 8th and was entered June 10th. If we are to take all these matters as they appear in the printed transcript, and are to construe the leave to file an amended answer within three days as an order shortening the time to answer the amended and supplemental complaint, it is apparent that defendant's time to answer had expired when the default was entered.

[1] It is contended that we may not look to that part of the order fixing three days' time within which an amended answer might have been filed, the appeal being prosecuted on the judgment-roll alone and there being no

bill of exceptions. This point is based on section 670 of the Code of Civil Procedure, making provision for the contents of the judgment-roll, and it is well taken, for in the description in that section of the papers and orders to be included in the judgment-roll there is nothing which would permit the incorporation therein of an order fixing the time to file an amended answer, or an answer to an amended and supplemental complaint, after answer stricken out. By the terms of the enactment the judgment-roll is to consist, under such a situation as is here presented, of "the pleadings, all orders striking out any pleading in whole or in part, a copy of the verdict of the jury, or finding of the court or referee, and a copy of any order made on demurrer, or relating to a change of parties, and a copy of the judgment."

[2] Disregarding, then, the order·printed in the transcript allowing appellant three days within which to file an amended answer, the record shows that the default was entered on the fifth day after the service and filing of the amended and supplemental complaint, while the judgment was rendered the sixth day and entered the eighth day after that event. Appellant insists that this state of the record shows that the default was erroneously entered and the judgment erroneously rendered, and in doing so places its reliance on *Bedan* v. *Turney,* 99 Cal. 649 [34 Pac. 442], and *Johnston* v. *Southern Pac. Co.,* 150 Cal. 535 [11 Ann. Cas. 841, 89 Pac. 348]. In the first of these cases—and the second is in no way different from the first—it is said: "When an appeal from a judgment is heard upon the judgment-roll alone, nothing can be assumed or considered that does not appear upon the face of that roll. If that discloses error, we can no more assume that it was cured by some matter which does not appear therein, than we can consider matters outside of the roll for the purpose of impeaching the correctness of the judgment. In each case the record must be judged by itself alone." It is to be noted, however, that this language was used concerning a judgment-roll which contained a bill of exceptions as one of its component parts, and it was employed, moreover, in refutation of an argument of counsel to the effect that, where a bill of exceptions fails to disclose that it contains the entire evidence, a court of review will assume that evi-

dence was given which would support a contested finding. However, if we take the broad language which we have quoted from the opinion in *Bedan* v. *Turney,* without explanation, it does not fit the situation here. This record does not show error. It merely shows that a default was entered against a defendant without allowing it ten days within which to answer a pleading of its opponent, a thing which, under a section of the code cited below, may be done with perfect propriety. A defendant is allowed ten days' time within which to answer a complaint (Code Civ. Proc., sec. 407, subd. 2); he may have a like period within which to answer an amended complaint interposed before answer or demurrer filed, or after demurrer and before the trial of the issue of law thereon (Id., sec. 472), or, to state the rule which governs the present case, where an amended complaint is filed under circumstances different from those specified in the section last cited, a defendant is to answer within ten days after service, or within "such other time as the court may direct" (Id., sec. 432). In saying, as we have said already, that the record here does not show error on this question, we are indulging in no assumption in opposition to the record, for on the subject which we now consider there is nothing in the record to be opposed. As far as we have recited it, the record is devoid of any showing concerning the time within which defendant might have answered the amended and supplemental complaint, always remembering that for the reasons already stated we must disregard the order printed in the transcript. If the judgment appealed from were one which had been rendered by the court, we should be sure that we have now disposed of the question presented, as, in the case of an appeal from such a judgment, it is always incumbent on the appellant to make an affirmative showing of error. In default of that showing every such judgment appealed from must be affirmed. Does this rule apply in the case of a judgment rendered by the clerk under the circumstances here shown to exist? This point may be considered, with profit, in connection with what we say at the outset of the paragraph next following.

There is a feature of the record to which we have not referred in our statement of its contents. The judgment rendered by the clerk recites that, among other things, de-

fendant's "legal time for answering having expired," the
judgment against it is "hereby rendered," etc., and the
statement showing the entry of default also recites that
the time for answer had expired. In the case of a judg-
ment by the court, such a recital would be conclusive on
appeal (*Catanich* v. *Hayes*, 52 Cal. 338; *McCauley* v. *Ful-
ton*, 44 Cal. 355; *Whitney* v. *Daggett*, 108 Cal. 232 [41 Pac.
471]); but appellant, citing *Providence Tool Co.* v. *Prader*,
32 Cal. 634 [91 Am. Dec. 598], and *Farrar* v. *Steenbergh*,
173 Cal. 94 [159 Pac. 707], insists that no such sanctity
surrounds that recital when contained in a judgment ren-
dered by the clerk. These decisions go no further than to
state the well-recognized rule that in entering a default and
in rendering judgment upon it the clerk acts in a ministe-
rial and not in a judicial capacity, making application of it
to the facts presented in each of the cases. The two cita-
tions are but parcel of a long line of decisions on the
same subject running at least from *Stearns* v. *Aquirre*, 7
Cal. 443, to *Landwehr* v. *Gillette*, 174 Cal. 654 [163 Pac
1018.] In none of this line of cases, however, is there pre-
sented such a situation as is evident in the present litiga-
tion. In none of them was there before the court the
question of the effect of a recital by a clerk such as ap-
pears in the judgment here. In considering that question,
then, for the first time, we are to remember that there
is nothing in the record in this cause to instill a doubt
as to the truth of the recital. Moreover, in such a case as
this the judgment-roll can never be made to speak in such a
manner as either to justify or to confound such a recital.
The statute (Code Civ. Proc., sec. 432), we are to observe,
allows a defendant ten days within which to answer an
amended and supplemental complaint filed under the con-
ditions which obtain here or within "such other time as
the court may direct." We have already seen that an
order of court directing the filing of an answer to such a
pleading in a shorter time has no place in the judgment-
roll. Under the contention now made the consequences of
such a situation are startling. If the judgment before us is
not to stand it is not possible for a clerk to render one
which will stand in a case in which an amended complaint
has been filed after answer to the complaint and in which
less than ten days has been allowed by the court for the

filing of answer to the amended pleading unless the clerk
awaits the expiration of ten days from the service and filing
of the amended complaint. This, of course, would allow the
defendant ten full days to answer, would nullify the prac-
tical operation of the portion of the statute allowing the
court to fix less than ten days for that purpose, and, in effect,
would nullify any order made under it. An order shorten-
ing the time to answer under the section can be preserved
for use on appeal only by a bill of exceptions. The party
in whose favor such a judgment is rendered could file no
such bill, because there is nothing to which he is to except.
The other party will make no effort thus to preserve such
an order, for he may sit quietly beside the trap the law
has laid, and, if the clerk should enter default under the
order and in less than ten days, he may prosecute an
appeal the outcome of which is bound to satisfy his most
sanguine expectations. Such a condition of affairs would
be intolerable if there were no remedy at hand, which,
happily, there is. [3] While a clerk acts in a ministerial
capacity in entering defaults and in rendering default judg-
ments and while his acts are not supported by the presump-
tions to be indulged in connection with the judgments of
courts of superior jurisdiction, he is yet a public officer
and his solemn acts done in the discharge of his official duty
cannot be set absolutely at naught except upon some affirma-
tive showing that they have been incorrectly performed.
It is to be presumed that official duty has been regularly
performed (Code Civ. Proc., sec. 1963, subd. 15). [4]
Where a default is entered for a failure to answer the
complaint, the summons and proof of service are part of the
judgment-roll, and the default, or any recital made in en-
tering it or in the clerk's judgment rendered pursuant to it,
may be measured accordingly. If the judgment-roll, so con-
stituted, shows that the default has been entered too soon,
the presumption that the clerk's duty has been properly
performed is overcome. In such a case as this, however,
where the judgment-roll does not show, and cannot show,
whether the statutory time has been shortened, the situa-
tion is quite different. Here, without the aid of any show-
ing in the judgment-roll, we are bound to assume either
that the clerk violated his duty by entering default before
the expiration of the statutory time within which an answer

might have been filed, or that he properly performed it pursuant to some order of the court shortening that time. We have no doubt as to which of these assumptions we shall indulge. The case presents a clear opportunity for the operation of the presumption that official duty has been properly performed. It appears, then, that this is an instance in which it is incumbent on the appellant to make an affirmative showing of error. This it might have done through the medium of a bill of exceptions, if, in fact, it were true that the statutory time was not shortened and that, therefore, the clerk entered the default before the time to answer had run out. No such showing being made and no error appearing in the rendition of the judgment, it must stand.

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.