JESÚS RIVERA TORRES, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 879. Argued February 6, 1933.—Decided March 28, 1933.

R. *Padró Parés* for petitioner. *A. Román Font, F. García Quiñones,* and *Luis Mendín Sabat,* for defendant in the main action.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

In June, 1932, Jesús Rivera Torres, owner of a commercial establishment in the city of Caguas, brought an action of debt against the Sociedad Protectora de Desamparados, Inc., in which he alleged among other things, that in May, 1930, José N. Aponte, as manager or president of the defendant corporation, requested credit in the commercial establishment of the plaintiff, and said corporation agreed to liquidate and pay the amount of any merchandise thus taken at the end of each month. In the fourth paragraph of his complaint Rivera Torres alleged the following:

"That the plaintiff accepted the proposal of the defendant corporation made by its manager, José N. Aponte, as already stated, and gave credit to said defendant in his commercial establishment, known as 'Colmado Amparo,' opening an account for goods the first item of which was entered on May 13, 1930, and thereafter the defendant corporation continued to buy provisions on credit from the commercial establishment of this plaintiff; an account which continued until December 21, 1931, when it amounted to $614.42."

On July 2, 1932, on motion of the plaintiff, the default of the defendant was noted, and on July 5, the clerk of the District Court of San Juan entered judgment in favor of plaintiff. It appears from the record that on the same day, the 5th, the defendant filed a demurrer to the complaint, and that on the 20th of said month it moved for the opening of the default and accompanied his motion with an affidavit of merits. This motion has not yet been decided by the court.

The plaintiff moved for an order of execution of the judgment, and this motion was denied by the court on the ground that the complaint did not state facts sufficient to constitute a cause of action. The reasons on which the lower court based its conclusions are set forth in the paragraph which we transcribe below:

"We have carefully considered this motion, and inasmuch as the complaint deals with the recovery on an open account for goods purchased on credit from May 13, 1930, to December 31, 1931, on which latter date the plaintiff discontinued the delivery of goods, which facts clearly appear from paragraphs IV and VI, and as it is not the case of an account stated, the balance of which had been submitted to the defendant and accepted or rejected by the latter; and as the complaint fails to set forth the items of merchandise sold and delivered to the defendant and not paid by it, the price thereof, and all the other circumstances necessary to arrive at a full and definite conclusion in regard to the transactions made, in view of the case of *E. Rubio & Sons* v. *Carrasco*, 26 P.R.R. 224, it appears that the complaint does not set up facts sufficient to constitute a cause of action.

"The motion of the plaintiff for an order of execution of the judgment by default entered by the clerk and based on said complaint, is hereby denied."

We think that the complaint does not contain the defect attributed to it by the court *a quo* in its opinion.

Section 124 of our Code of Civil Procedure, equivalent to section 154 of the Code of California, reads thus:

"It is not necessary for a party to set forth in pleadings the items of an account therein alleged, but he must deliver to the adverse party, within ten days after a demand thereof in writing, a copy of the account, or be precluded from giving evidence thereof. The court or judge thereof may order a further account than the one delivered if it is too general, or is defective in any particular."

The provisions of this section facilitate brevity in the statement of facts and simplifies the procedure. The defendant is in no wise prejudiced. The statute furnishes him with the means of ascertaining the items in detail, if he so desires.

The plaintiff has no alternative other than to detail the items or resign himself to being precluded from establishing his claim.

The case of *E. Rubio & Sons* v. *Carrasco, supra,* applies principles having their origin in the common law. At present, the procedure has changed in many states, in accordance with the provisions of their respective statutes.

This Court, in the case of *Giménez* v. *Alonso,* 29 P.R.R. 300, 303, expressed itself as follows:

"Nor was it necessary to specify in the complaint the several articles sold and delivered to the purchaser and not paid for by him, with the amount and other circumstances of the different purchasers, for section 124 of the Code of Civil Procedure excludes such necessity. . . ."

In said case the Court went on to say that, under the statute, the plaintiff was not required to itemize the account on which the action was based, but that it was incumbent on the defendant to demand a copy of said account in order to contest it at the trial if to do so was advantageous to his right.

In *Sanabria* v. *Rosa et al.,* 32 P.R.R. 537, this Court held that it was not necessary to set out in the complaint the items of the current account, according to section 124 of the Code of Civil Procedure, which imposes upon the plaintiff the obligation of delivering a copy of said account to the defendant if he demands it, or be precluded from giving evidence thereof.

The lower court did not act correctly in refusing to issue an order of execution on the ground that the complaint did not state facts sufficient to constitute a cause of action, but its decision must be sustained because the judgment entered by the clerk is fatally defective. This officer in the exercise of his powers, which are purely ministerial, could not enter said judgment, as it involved an unliquidated account which

the plaintiff estimated in the amount of $614.42, fixing a lump sum for the merchandise sold. The appraisal of the plaintiff, although it may be fair and reasonable, does not render the alleged amount definite and certain, nor can it have the character of a liquidation. Besides, said appraisal may be excessive and arbitrary. To hold that the defendant by reason of the default admits the value that the plaintiff may fix on the goods, would be tantamount to authorizing the latter to obtain a judgment in his favor even though the sum claimed by him may be excessive and arbitrary.

Where claim is made for a ''reasonable'' attorney's fee, judicial action is required to determine the amount, and the clerk can not enter judgment because the plaintiff has claimed a certain sum in the complaint. This is in harmony with the general rule that where recovery is sought for the reasonable value of goods sold or services rendered, the amount is left uncertain, and the fact that a definite sum is alleged as the reasonable value does not change the situation so as to permit the clerk to enter judgment after default, without a determination by the court of the amount to be recovered. 14 Cal. Jur. 895.

In accordance with the case of *Benítez* v. *District Court*, 36 P.R.R. 408, where the doctrine laid down by the Supreme Court of California in *Landwehr* v. *Gillette*, 174 Cal. 654, was adopted, and that of *Congress Cigar Co, Inc.* v. *Grau*, recently decided by this Court, *ante*, p. 626, we are of the opinion that the judgment entered by the clerk of the District Court of San Juan was a nullity.

The petition herein should be denied, the writ issued discharged, and the record returned to the court of its origin.