PABLO TRUCHARTE, Plaintiff and Appellant, v. BERNARDO FERNÁNDEZ PORRERO ET AL., Defendants and Appellees.

No. 5313.   Argued January 10, 1933.—Decided March 28, 1933.

*H. R. Francis* and *M. Cruz Horta* for appellant.   *H. Torres Solá* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

In this action, brought by Pablo Trucharte against Bernardo Fernández, the complaint was filed in April, 1924. An amended complaint was filed in March, 1926, and another in the following May. After the death of the defendant's wife, Rosalía Martínez, the plaintiff filed another amended complaint in October, 1927, joining as defendants therein, the original defendant, Francisco Marchán, executor of Rosalía Martínez and her heirs, José Martínez, Bernardo Fernández, Dolores Martínez, José B. Martínez, and Pío Martínez. This was not the last amended complaint; another was filed in November, 1928, against which demurrers were filed in the following December by the defendant Bernardo Fernández.

Said demurrers appear on pages 135 and 136 of the transcript, and on pages 136 and 137 thereof appears a judgment which literally transcribed reads as follows:

"On reading the motion for entry of default, filed by the plaintiff in this case, and it appearing from the record that the defendants José Martínez Llonín, Bernardo Fernández Porrero, Dolores Martínez Torres, José B. Martínez Torres, and Pío Martínez Díaz, heirs of Rosalía Martínez Llonín, have failed to file any pleading in this case or to request an extension of time in which to do so.

"The undersigned clerk, after noting the default of said defendants, hereby enters judgment against them, adjudging them to pay to the plaintiff the sum of Fourteen Thousand Dollars, with legal interest thereon from this date, and without special imposition of costs.

"San Juan, P. R., December 27, 1928. (Signed) L. Vergne Ortiz, Clerk; (signed) P. del Manzano, Assistant Clerk."

The demurrers filed by the defendant, Bernardo Fernández, were overruled in January, 1929, and said defendant then filed his answer denying the existence of the agreement alleged in the complaint. It appears that the trial was set for November, 1929, but it is not shown whether it was actually held.

So much as to the defendant Bernardo Fernández individually. In regard to the default judgment entered by the clerk against the heirs of the deceased wife of the said defendant, Bernardo Fernández, who is also one of the heirs, it appears from the record that the same was vacated by an order rendered by the district court on March 17, 1930, on motion filed by the said heirs, after all interested parties had been heard. The present appeal has been taken from said order of March 17, 1930.

The pertinent facts on which the present action is based are as follows:

"FIRST CAUSE OF ACTION.—2. That about the months of July and August, 1923, the defendant, Bernardo Fernández Porrero, was the owner of several pieces of real property situated in . . . . .

"3. That about the time mentioned in the preceding paragraph, the plaintiff and the defendant entered into a contract whereby the

defendant agreed to appoint, and did appoint, the plaintiff as his agent to negotiate the sale of all the real property of the defendant situated in . . . . . ; and authorized the plaintiff to negotiate the sale of all the above-mentioned property for the price of $40,000, the defendant binding himself to pay to the plaintiff, provided the latter should negotiate the said sale, the sum of $5,000, and in addition thereto the value of everything for which the plaintiff acted as agent; that is, such surplus or profit over $40,000 as the plaintiff might obtain in the transaction made.

"4. That the defendant accepted the said agency. . . . ,

"5. That after the defendant had devoted a long time . . . , the said Pedro Moczó Baniet, about the months of September and October, 1923, accepted the deal proposed by the plaintiff, and it was agreed to carry out such deal, that is, the sale of all the above-mentioned properties, with the exception of three, for the price of $40,000.

"6. That the plaintiff personally took Pedro Moczó Baniet to the defendant, for the purpose mentioned above, and when the deal was closed, the proper deed was executed on January 2, 1924.

"7. That the three pieces of property belonging to the defendant, Bernardo Fernández Porrero, not included in said sale, have a value of $9,000, said three properties being . . . . .

"8. That, according to the information and belief of the plaintiff, the defendant, Bernardo Fernández, has sold the two pieces of property described in the preceding paragraph under the numbers '1' and '2', and has leased the house described under the number '3', the value of the three properties being $9,000; that the defendant has refused to pay to the plaintiff the amount of the aforesaid sums of $5,000 and $9,000, or a total of $14,000.

"9. That at the time the alleged acts occurred . . . . the defendant, Bernardo Fernández Porrero was married to Rosalía Martínez Llonín, who died . . . . .

"SECOND CAUSE OF ACTION.—2. That about the time mentioned in the preceding paragraph, the defendant Bernardo Fernández Porrero utilized the services of the plaintiff to negotiate the sale of the above-described real property of the defendant, it being understood between said defendant, Bernardo Fernández Porrero, and the plaintiff that the former would pay to the latter the value of his services in the said negotiations.

"(3, 4, 5, and 6. Identical.)

"7. That the value of the said services rendered by the plaintiff to the defendant, Bernardo Fernández Porrero, is $14,000.

"(9. Identical.)"

The mere statement of these facts is sufficient to conclude that this is not a case when the clerk may, in accordance with section 194 (1) of the Code of Civil Procedure, enter, by himself, without the intervention of the court, a judgment by default sentencing the heirs of Rosalía Martínez to pay to the plaintiff the $14,000 claimed by him in his complaint.

There are a number of decisions of this Court, construing section 194 (1) of the Code of Civil Procedure. It will be sufficient to refer to that in the case of *Benítez et al.* v. *District Court,* 36 P.R.R. 408, in which a large part of the reasoning of the Supreme Court of California in the case of *Landwehr* v. *Gillete,* 174 Cal. 654, interpreting a provision similar to that in force in Puerto Rico, was transcribed, so that it might serve as a guide to district courts. See also the case of *Congress Cigar Co.* v. *Grau et al.,* decided on the 15th of this instant March (*ante,* p. 626), and that of *Rivera* v. *District Court,* decided today (*ante,* p. 796).

The instant case involves an action brought against Bernardo Fernández, upon a contract said to have been made with him, whereby he entrusted to the plaintiff the sale of property belonging to him, and offered to pay to the plaintiff $5,000 for his work, and in addition any excess obtained over and above a certain amount fixed for said property; in which action the defendant appeared and denied the execution of said contract, without it appearing whether the case has been tried and decided on its merits. It is stated in the complaint that at the time the alleged facts occurred, the defendant Fernández, was married to Rosalía Martínez, and she having died while the action was pending, her executor and her heirs were joined as defendants, and as they failed to answer separately, their default was noted and the clerk was asked to enter, as he did enter, judgment by himself, sentencing them to pay the whole amount claimed.

It is very doubtful whether, under the state of facts set forth in the complaint, a judgment by default could have been

entered by the clerk against Bernardo Fernández. That he could not enter it against his wife or against her heirs is evident.

No contractual relation appears establishing any liability against the heirs of the wife. The contract of employment was made by the husband for the sale of property belonging to him. In order to hold, as the appellant claims in his brief, that there was involved property legally presumed to be conjugal property, it was not enough to allege that the contract was made while Fernández was married to the ancestor of the defendant heirs, but that the property to which the contract referred was acquired during the marriage. There are other reasons that support the correctness of the decision appealed from.

In view of the attendant circumstances, the judgment entered by the clerk might be considered as a mere nullity, and consequently it could be so declared by a competent court after the expiration of the period fixed by section 140 of the Code of Civil Procedure.

If the dismissal of this appeal as frivolous had been requested, there would not have been so much delay in deciding it. It was brought on for hearing in February, 1932, and the cause submitted without oral arguments by counsel; and, pursuant to a stipulation made with the appellees' counsel, there was granted to the appellant's attorney a term for the filing of a supplemental brief, which term has been successively extended through motions presented. In the last motion, which was filed on January 7, 1933, an extension of three days was requested, but the brief was not filed either during such extension, or at any time thereafter.

The appeal must be dismissed and the judgment appealed from affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.