R. Ruiz & Co., Plaintiff and Appellee, *v.* Francisco Rivera, Defendant and Appellant.

No. 6425. Argued February 12, 1935.—Decided February 21, 1935.

*E. Martínez Avilés* for appellant. *Angel A. Vázquez* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

On May 27, 1931, the mercantile partnership R. Ruiz & Co. brought, in the District Court of Arecibo, an action of debt against the defendant Francisco Rivera, for whom it had opened an account in its establishment, where the defendant bought from the plaintiff several lots of merchandise, which were delivered to him, at a price of $2,846.14. It is alleged in the complaint that the defendant paid the sum of $1,980.95; that the said current account was stated on April 30, 1928; that the said defendant, to whom the statement was mailed at his residence in Morovis, accepted it on one of the frequent visits which he made to the establishment of the plaintiff; and that according to the said statement the defendant owes the plaintiff the sum of $865.19, the said debt being liquid and demandable.

The defendant denied the facts alleged in the complaint and set up the defense of *res judicata*. The lower court rendered judgment ordering the defendant to pay the sum claimed, with interest thereon at the legal rate from May 27, 1931, until fully paid, and costs including attorney's fees. The appeal taken is based on the special defense of *res judicata*, which, according to the appellant, was dismissed erroneously by the lower court, which held that it had not been proved. In reference to the question raised the trial court says:

"Civil case No. 10928 was brought by R. Ruiz & Co. against Francisco Rivera, to recover the same amount which is claimed in the present action. The complaint was filed on May 3, 1929; Francisco Rivera was summoned on May 6 of the same year; the defendant having failed to plead, the plaintiff, on May 21, 1929, made a motion for a judgment by default. The clerk of this court entered a judgment by default on July 1, 1929, of which the defendant was notified on July 26 of the same year. On November 12, 1931, the plaintiff filed a motion requesting that the said judgment be set aside on the ground that it was entered by the clerk in violation of the doctrine laid down in the case of *Benítez et al.* v. *District Court,*

36 P.R.R. 408, and the court, complying with a just request set aside the judgment on the same day. Once the judgment had been set aside, the plaintiff withdrew its action. Therefore no judgment, unless it is one of nonsuit, exists in case No. 10928.''

 The appellant contends that the judgment entered by default is valid and should not have been set aside on motion of the plaintiff and without the knowledge of the defendant, especially after the defense of *res judicata* had been set up. It is argued that in the previous complaint it was alleged that the account had been stated and that the defendant had accepted the statement. This is actually so, but the defendant-appellant forgets that the said judgment ordered him to pay the amount of the principal, interest, costs, expenses, and attorney's fees. The plaintiff claimed these fees and the clerk rendered judgment in accordance with the prayer of the complaint. In *Landwehr* v. *Gillette,* 174 Cal. 654, cited with approval by this court in *Benítez et al.* v. *District Court,* 36 P.R.R. 408, one of the defendants signed a promissory note binding himself to pay the plaintiff the principal amount, and in addition the amount which the court might consider reasonable as attorney's fees in case of suit on the note. It was alleged in the complaint that the sum of $500 was considered reasonable as attorney's fees in said suit. The default of the defendants was noted and the clerk entered judgment, ordering them to pay the sum claimed including $500 for attorney's fees. Subsequently one of the defendants moved that the judgment be set aside, and the Supreme Court of California upheld the lower court, on the ground that the judgment rendered by the clerk was void. In our case fees were not agreed upon, but they were claimed in the complaint and the defendant was ordered to pay them, although the amount was not specified. It is clear that the clerk acted without authority as to the pronouncement covering fees. The power of the said officer to enter a judgment by default is purely ministerial. In the exercise of this power he should adhere strictly to the provisions of sub-

division 1 of section 194 of the Code of Civil Procedure, or otherwise the judgment entered will be null and void. The Supreme Court of California has so held in the case of *Landwehr* v. *Gillette*, where several decisions of the same court are cited in support of this doctrine.

This is a case in which neither the clerk nor the court could have awarded fees, because in accordance with section 327 of the Code of Civil Procedure attorney's fees may not be included in costs taxed against a defendant who shall not have entered appearance in an action or proceeding. The plaintiff asked that the judgment entered by the clerk in excess of his authority be set aside, and the court so ordered. We are of the opinion that the defendant cannot use the said judgment as a basis for the defense of *res judicata*.

The judgment appealed from must be affirmed.