José Dolores Martínez, Plaintiff and Appellant, v. Enrique Figueroa, et al., Defendants and Appellees.

No. 7404. Argued January 15, 1937.—Decided February 18, 1937.

*Enrique Báez García* for appellant.   *José Sabater* for appellees.

Mr. Justice Travieso delivered the opinion of the Court.

José Dolores Martínez filed an action of unlawful detainer at sufferance, averring that he is the owner of a property acquired at public auction from the marshal of the municipal court of Mayagüez; that the defendants are occupying the property and a house thereon, without paying rental or any consideration whatever and against his will; that he had required them on several occasions to vacate the property and that they had refused to do so.

The defendants alleged that the title under which the complainant claims arises from a judgment taken by the latter against Enrique Figueroa, predecessor of the defendants, in case number 9317 before the Municipal Court of Mayagüez, for collection of a promissory note signed by the latter, which reads:

For $92.32

"I owe and will pay by reason of this instrument and to the order of Dolores Martínez the sum of ninety two dollars thirty two cents, American money, for value received, which I will repay with interests at one per cent monthly from today, until the thirty first of December, nineteen hundred twenty-nine, for that purpose binding my properties, which I shall be unable to alienate without full payment of said sum; I likewise bind myself to pay in case of default interest at one per cent a month, waiving my domiciliary rights and submitting myself expressly to the Municipal Court of Mayagüez or to the District Court of Mayagüez, for the collection of this obligation, and likewise binding myself to the payment of all expenses and attorneys' fees which the creditor may incur in the collection hereof. February 23, 1929.   (Signed) Enrique Figueroa.

"Affidavit No. 1460.—Subscribed to before me by Enrique Figueroa Belvis, of legal age, married, property owner and resident of Maricao, to me personally known, in San Germán, this 23rd day of February, 1929.   (Signed) Miguel A. García Méndez, Notary Public. There is affixed a cancelled internal revenue stamp for twenty-five cents;"

that said judgment is void for the reason that in the warning clause of the summons, to the effect: "that unless he appears . . . the plaintiff may apply for and will cause the defendant's default to be entered and obtain judgment in accordance with the prayer of the complaint," the amount claimed in the prayer of the complaint was not made to appear specifically and for the reason that, after defendant's default was entered by the clerk, without application having been made therefor, judgment was entered on January 16, 1933, adjudging Figueroa to pay to the plaintiff $92.32 principal, $41.62 accrued interest plus interest to accrue at 1% per month, together with $25 for attorneys' fees, in spite of the fact "that there was no express notice in the summons that a judgment would be entered without a trial"; that the defendants have requested the Municipal Court of Mayagüez to vacate such judgment, but that their motion has not yet been decided.

As new matter, they alleged that Enrique Figueroa was always in possession of the farm as owner; that his children, the defendants, have no properties other than that which they have in said farm as heirs of their predecessor Enrique Figueroa, amounting to one quarter thereof; that the widow María Vivié is the head of a family, and has always claimed such farm, which is worth more than $500, as her homestead.

The district court decided that the clerk of the Municipal Court of Mayagüez had no authority to enter a default judgment against Enrique Figueroa for the reason that the amount claimed in the complaint was not specified in the summons and for the reason that he had no authority to fix attorneys' fees and adjudge the defendant to pay $25 as such. That for these reasons a conflict of title was raised, which could not be decided in an unlawful detainer proceeding, the complaint being for such reasons dismissed. The plaintiff appealed to this court, assignig the following three errors:

1. In deciding that the plaintiff's title is void.

2. In deciding that the plaintiff does not have a clear title free from all discussion.

3. In awarding costs against the plaintiff.

■■ As to whether the appellees may or may not attack appellant's title collaterally in this unlawful detainer proceeding depends, in our opinion, upon whether such title is null and void or merely voidable. If the former, it may be so attacked; if not, it may not be.

Appellant cites the case of *León* v. *Alvarado*, 24 P.R.R. 654, where it was decided that:

". . . . the fact that the appellant has moved to set aside the judgment in the action in which the sale and conveyance of the house was made, is no ground for holding that León Lugo's title is not sufficient to support a judgment in his favor in an action of unlawful detainer, for until the judgment and sale are set aside the plaintiff's title is good and he will continue to be the owner and as such may compel the appellant to vacate the house in question."

The opinion in that case does not distinguish between titles which are null and void and those which are voidable, and gives the impression that either is sufficient to sustain a favorable judgment in unlawful detainer proceedings, so long as they are not annulled. It must be born in mind, however, that in that case, the defendant Alvarado did not set up the grounds for nullity of the plaintiff's title, but averred as new matter in defense that he had asked that the trial resulting in the sale and adjudication of the house be declared void. It was this which was held to be no basis for finding plaintiff's title insufficient. The precise question involved in this case does not appear to have been there decided.

Nevertheless, void titles and voidable titles are apparently distinguished in *Dávila* v. *Sotomayor*, 35 P.R.R. 726. In that case Angel Martínez Caballero foreclosed a mortgage made in his favor by the spouses Sotomayor-Pizarro. The property was awarded at public sale to the plaintiff Lorenzo Dávila, who brought an unlawful detainer proceeding against

the original owners, the Sotomayor-Pizarro spouses. The defendant raised a question as to the validity of the plaintiff's title, and this court said, citing the case of *León* v. *Alvarado, supra:*

"The second assignment is also without merit. The plaintiff proved that he had acquired the property by purchase at a forced sale. The sale was ordered and made in the foreclosure proceedings of a mortgage created on the said property. Such being the case, the defendant could not raise the question of nullity of title in an action of unlawful detainer, as has been held by this Supreme Court in the case of *León* v. *Alvarado,* 24 P.R.R. 654, as follows:

" 'The question of whether the plaintiff's title is void and prevents his exercising the rights originating therefrom can not be decided in a special summary proceeding, like that of unlawful detainer, in which only the right of the apparent owner and possessor to dispossess the tenant in possession is involved.

" 'The fact that the defendant in an action of unlawful detainer pleaded the nullity of the action in which the plaintiff acquired the property sued for in the action of unlawful detainer, is no ground for holding that the plaintiff has not a sufficient title to support a judgment in his favor; for until the said action and sale are annulled his title is good and he continues as the owner with the right to compel the defendant to vacate the property.'

"This is not a case of a title that appears on its face to be void without adjudication in a proper action before a court having jurisdiction of such matters. All that the evidence revealed was an irregularity in the publication of the notice of the sale, which did not affect the purchaser in good faith, in accordance with the jurisprudence of this Supreme Court. In the case of *Trueba* v. *Martínez,* 33 P.R.R. 446, 453, this court said:

" 'The alleged violation of Section 251 of the Code of Civil Procedure in the manner of giving notice of the sale is a mere irregularity which does not affect a purchaser in good faith and can not be considered in a collateral action like this for the annulment of the judicial sale of the mortgage property. *Henna et al.* v. *Saurí & Subirá,* 22 P.R.R. 776, and *Solá* v. *Castro et al.,* 32 P.R.R. 740.' "

It is apparent, therefore, that if the evidence, instead of showing an irregularity in the publication of the notices of sale, had shown a void title, the defense would have been good against the unlawful detainer proceeding.

Recently, in the case of *Sucrs. de Huertas González* v. *Rosario,* 50 P.R.R. 346, the question was again raised. This court said:

"The appellant challenged the right of defendants to attack the sufficiency of the judgment of the Municipal Court of Bayamón in favor of appellant. The latter maintains that such a judgment may not be attacked collaterally. The appellees, more or less on the principle of *debile fundamentum fallit opus,* says that if the said judgment was void for lack of due service, the title of appellant was vitiated. These contentions in themselves raise a sufficient conflict in the title and even if we should be mistaken about the jurisdiction of the Municipal Court of Bayamón, an unlawful detainer proceeding is not the locus to determine such a conflict."

The result is that if the defendant in an action of unlawful detainer at sufferance wishes collaterally to attack the plaintiff's title, it is essential that the defects in the title be of such a nature as to make it null and void. A mere irregularity making it voidable would not be sufficient.

■■ The first ground set up in this case to show a void title is unfounded. Section 89 of the Code of Civil Procedure provides that:

"The summons must be directed to the defendant, signed by the secretary, and issued under the seal of the court and must contain:
"1.　　*　　　*　　　*　　　*　　　*　　　*　　　*
"2.　　*　　　*　　　*　　　*　　　*　　　*　　　*
"3.　　*　　　*　　　*　　　*　　　*　　　*　　　*
"4. In an action arising on contract, for the recovery of money, or damages only, a notice that unless the defendant so appears and answers, the plaintiff will take judgment for the sum demanded in the complaint (stating it.)
"5. In other actions, a notice that unless defendant so appears and answers, the plaintiff will apply to the court for the relief demanded in the complaint. The name of the plaintiff's attorney must be endorsed on the summons."

The first and second Sub-sections of Section 194 of the same code provide:

"Judgment may be had, if the defendant fail to answer the complaint, as follows:

914

"1. In an acton arising upon contract for the recovery of money or damages only, if no answer has been filed with the secretary of the court within the time specified in the summons, or such further time as may have been granted, the secretary, upon application of the splaintiff, must enter the default of the defendant, and immediately thereafter enter judgment for the amount specified in the summons, including the costs, against the defendant, or against one or more of several defendants, in the cases provided for in Section 96.

2. In other actions if no answer has been filed with the secretary of the court within the time specified in the summons, or such further time as may have been granted, the secretary must enter the default of the defendant; and thereafter the plaintiff may apply at the first or any subsequent term of the court for the relief demanded in the complaint. If the taking of an account, or the proof of any fact, is necessary to enable the court to give judgment, or to carry the judgment into effect, the court may take the account or hear the proof; or may, in its discretion, order a reference for that purpose; or if, to determine the amount of damages, the examination of a long account be involved, by a reference as above provided.

"3.    *    *    *    *    *    *    *

In the promissory note which was the subject of the suit in the Municipal Court of Mayagüez, Enrique Figueroa undertook, among other things, "the payment of all expenses and attorneys' fees which the creditor may incur." No liquid and specific amount was, however, fixed for that purpose. The question then reduces itself to one of determining whether the action brought in the Municipal Court of Mayagüez was "an action arising on contract, for the recovery of money, or damages only," within the meaning of those words in Sub-section 4 of Section 89 of the Code of Civil Procedure. We believe that it was not, and therefore that it was unnecessary that the summons should state, as that Section requires, the sum demanded in the complaint.

Although the language of the statute is sufficiently broad to cover an action such as number 9317 before the Municipal Court of Mayagüez, nevertheless, what is contemplated is that the sum claimed be determined, liquid, fixed or susceptible of being so by a simple arithmetical operation. Al-

though in this case the principal sum is determined and the interest may be easily calculated, the fees and expenses, however, are not. The statute under consideration requires that the sum claimed be stated in the summons, so that the clerk of court may know, in accordance with the provisions of the first paragraph of Section 194, *supra,* the amount for which judgment is to be entered against the defendant if he should not answer within the specified time. If from the summons the amount which is to be allowed to the plaintiff as attorneys' fees does not appear, that officer is without authority to allow such fees, for the reason that his powers are ministerial and not judicial. In support of these conclusions, see *Landwehr* v. *Gillette,* 174 Cal. 654, 163 Pac. 1018; and *Gustin* v. *Byam,* 41 Idaho 538, 240 Pac. 600.

In view of what we have said, the summons did not need to be in accordance with the provisions of Sub-section 4 of Section 89 of the Code of Civil Procedure, for which reason it was unnecessary that the sum demanded in the complaint be specified in the summons. The applicable provisions are found in the fifth Sub-section of Section 89, insofar as the contents of the summons are concerned, and the second Sub-section of Section 194 insofar as the procedure to be followed by the clerk in entering default is concerned.

The second Sub-section of Section 194 does not authorize a clerk of court to enter a default judgment *motu proprio.* After a clerk has entered the default of a defendant, it is provided that "the plaintiff may *apply* at the first or any subsequent *term of the court* for the relief demanded in the complaint." The petition is made to the court, and the court and not the clerk is called upon to decide what judgment is to be entered. Even assuming, however, that the clerk would have the power to enter judgment, he would have no ground for doing so, since no fixed sum whatever appears from the summons, and the clerk cannot determine it, since that is a judicial and not a ministerial function. If

in such circumstances a clerk should enter judgment, the judgment would be null and void.

"The judgment entered was in excess of the clerk's authority under the statute, and therefore was void. *Landwehr* v. *Gillette,* 174 Cal. 654, 163 Pac. 1018; *Saucer* v. *Vincent* 82 Fla. 296, 89 So. 802; 34 C. J. 179." *Gustín* v. *Byam, supra.*

Since the judgment entered by the Municipal Court of Mayagüez in case number 9317 is void, and since the plaintiff's title is a consequence also void, this invalidity is a good defense in the unlawful detainer proceeding, under the decisions in *Sucrs. de Huertas González* v. *Rosario,* 50 P.R.R. 346, and *Dávila* v. *Sotomayor,* 35 P.R.R. 726, because a conflict of title is raised which cannot be decided within the narrow limits of an unlawful detainer proceeding.

In our opinion, the trial court did not commit the first two errors assigned.

The third assignment refers to the imposition of costs upon the plaintiff. We do not believe that the court below abused its discretion in adjudging the plaintiff to pay costs.

The judgment appealed from must be, and is, affirmed.

Mr. Justice Wolf and Mr. Justice Córdova Dávila took no part in the decision of this case.