[No. 11261.    Department One. — August 12, 1886.]

C. LEE ET AL., RESPONDENTS, v. H. W. ORR ET
AL., APPELLANTS.

PLEADING — DESIGNATION OF PLAINTIFFS AS PARTNERS — CERTIFICATE OF
PARTNERSHIP — IMMATERIAL ISSUE — FINDING. — Where the title of an
action designates the plaintiffs as partners doing business under a ficti-
tious name, but it does not appear either by the complaint or answer
that the cause of action of the plaintiffs is upon or on account of any
contract made or transaction had by them in their partnership name, an
allegation in the answer that the plaintiffs had not complied with the
law requiring the filing and publishing of a notice of the partnership is
immaterial, and no finding thereon is necessary.

FRAUDULENT JUDGMENT — ACTION TO SET ASIDE — EXECUTION — ISSUANCE
AND RETURN OF. — In an·action by a junior judgment creditor to set
aside a prior judgment and execution sale of the property of the debtor
on the ground of fraud, the complaint need not allege that an execution
had been issued and returned unsatisfied, where it is averred that the
judgment debtor has not and never had any property except that sold
under the fraudulent judgment.

APPEAL from a judgment of the Superior Court of
Plumas County.

The facts are stated in the opinion of the court.

*W. W. Kellogg,* ·and *E. T. Hogan,* for Appellants.

*Goodwin & Jenks,* for Respondents.

MYRICK, J. — One of the defendants herein, H. W. Orr,
obtained a judgment against the Hungarian Hill Gravel
Mining Company, and by virtue of an execution issued
thereon certain real estate was sold to said Orr. The
plaintiffs herein obtained a junior judgment against the
same company. This action was brought to set aside the
former judgment and sale on the ground of fraud, and to
restrain the execution of a sheriff's deed.

.1. The plaintiffs in their complaint in this action en-
titled the suit, " C. Lee, P. C. Lee, and C. J. Lee, part-
ners doing business under the firm name of C. Lee &
Sons vs.," etc.   The answer presented the issue that it

nowhere appeared in the complaint that plaintiffs had complied with the law requiring the filing and publishing of a notice of partnership. (Civil Code, secs. 2466, 2468.) The court below made no finding on this subject, and the omission is urged as ground for reversal.

It nowhere appears in the complaint, nor is it averred in the answer, that the cause of plaintiffs' action was upon or on account of any contract made or transaction had in the partnership name of the plaintiffs. The part of the title of the action relating to the plaintiffs as partners may be disregarded as surplusage, leaving the complaint as stating in effect that the judgment recovered by plaintiffs was recovered in their capacity of co-plaintiffs (not as partners).

2. The complaint alleged that the mining company had not and never had any property or assets whatever, except the property sold, as before stated, to the defendant Orr. With that allegation in the complaint, it was not necessary to allege in addition that an execution had been issued and returned unsatisfied. The finding of the court upon this subject is sufficient.

Judgment affirmed.

McKINSTRY, J., and Ross, J., concurred.