[L. A. No. 1015. Department Two.—June 16, 1902.]

## H. M. CROSSMAN, Appellant, v. VIVIENDA WATER COMPANY et al., Respondents.

ACTION AGAINST WATER COMPANY—ACCOUNTING OF SALES—DAMAGES FOR BREACH OF CONTRACT—DEFAULT—VOID CLERK'S JUDGMENT.—The clerk in entering defaults and judgments by default acts only in a ministerial capacity in the cases expressly provided by statute, and has no judicial functions; and in an action necessarily involving an accounting of the net proceeds of all sales of water obtained by a corporation defendant, over and above the payment of all expenses of developing, conveying, and marketing the water, under certain written contracts, the breach of which is alleged, the clerk had no authority to enter a judgment by default for the gross amount of damages alleged in the complaint, and such judgment is void upon its face, and may be set aside upon motion.

ID.—MOTION OF STOCKHOLDERS TO VACATE CLERK'S JUDGMENT.—Defendant stockholders of the water company who are sued upon their stockholder's liability under the contracts alleged, and who are also alleged to have received certain conveyances from the water company, before the judgment was entered, have sufficient interest to sustain a motion by them to vacate the void clerk's judgment against the water company.

APPEAL from an order of the Superior Court of San Bernardino County vacating a default judgment. John L. Campbell, Judge.

The facts are stated in the opinion.

Works & Lee, Ezra Crossman, F. C. Bailey, and A. B. Young, for Appellant.

Allen & Flint, Shirley C. Ward, Flint & Barker, Edwin A. Meserve, and Frank P. Flint, for Respondents.

CHIPMAN, C.—This is an appeal by plaintiff from an order vacating a default judgment against defendant company. The complaint was filed April 28, 1894, in which plaintiff sought certain relief from defendant company on a contract made part of the complaint; certain stockholders of the company were made defendants to recover from them the proportionate share of the amount sought to be recovered

from the company. Summons was served on the company August 15, 1894, and on August 24, 1894, the company and certain of defendant stockholders appeared by demurrer to the complaint. The demurrer was overruled December 15, 1894, and on February 1, 1895, an answer was filed for all the stockholders, but no answer was made for the company, nor did it appear otherwise than by demurrer. On December 4, 1896, plaintiff caused a default and judgment to be entered by the clerk against the company. On January 23, 1899, defendants, the stockholders, filed a motion to set aside and cancel the judgment. One ground of the motion, among others, was, that the alleged cause of action is primarily against the company for an accounting, and also for damages, and is not a cause of action authorizing the entry of judgment by the clerk, but is one which can only be entered upon an order of the court.

We think the point is well taken and that the court rightly set aside the judgment.

It becomes necessary to state the nature of the action. The complaint alleges that one Raynor entered into a certain contract with the company on October 14, 1899, which is made part of the complaint, as Exhibit A; that on the same day the company made a contract with Ezra Crossman, which is also made part of the complaint, as Exhibit B, and it is alleged that by proper assignments this latter contract was transferred to plaintiff. Exhibit A purports to be a contract between Raynor, first party, and Shirley C. Ward, for the corporation, second party, and by it first party grants ''all his right . . . to the waters now flowing from the following properties [describing certain lands known as the Meeks Mill property, 110 acres], and also from a certain property [18½ acres] known as the Garner Place, adjoining the Meeks Mill property; also all undeveloped water obtainable on these properties, with rights of way, right to tunnel, bore, ditch, and the like privileges; second party agreed to enter at once upon the work of developing water and to convey it to certain places, and was to have full control of the management of the work and ''of the sales and disposition of the waters aforementioned.'' First party made certain reservations of rights not necessary to be stated. Exhibit B is a transfer by Ward, for the corporation, to Ezra Crossman, ''of an undivided one

twentieth of the net proceeds of the sales of all water obtained by said Vivienda Water Company in said contract with said Raynor (Exhibit A); by net proceeds is meant the proceeds of sales over and above the payment of all expenses of developing, conveying, and marketing of said water as provided for in said contract between said Raynor and said Ward. The amounts due said Crossman shall be payable to him at such times and in such way as they are received by said Vivienda Water Company." Plaintiff claims under Exhibit B. It is alleged in the complaint that between October 14, 1887, and April 21, 1891, the company sold divers quantities of said water conveyed to it and received divers large sums of money therefor, "but the dates of said sales and the portions or quantities of said waters so sold, the amount of land or other values so received are unknown to plaintiff and she cannot therefore state the same." It is alleged that at the making of the contract, Exhibit A, (October 14, 1887,) more than 250 inches of water, and on April 21, 1891, more than 450 inches of water, were developed upon said premises, "and there is now more than 600 inches of water flowing from said premises, and there is yet undeveloped [stated on information and belief] more than 1,000 inches of water, measured under a four-inch pressure, which could have been and now can be developed upon said premises, . . . and that one thousand inches and all water now flowing from said premises is worth the sum of five hundred dollars per inch, . . . or the sum of $665,000, the one-twentieth of which belongs to this plaintiff, amounting to the sum of $33,250." It is then alleged that on April 21, 1891, the company sold to said Raynor "the said conveyance of October 14, 1887," Exhibit A, the contract of sale being made part of the complaint as Exhibit C. By this contract the company reserved certain water to itself and to be by it supplied to other named persons. It is alleged that this transfer was in fraud of plaintiff's rights under Exhibit B, was without her knowledge or consent, and that she received no share of the proceeds of such sales, and that by said contract, Exhibit C, the company "rendered itself unable to comply with its said contract with E. Crossman, to wit: said contract . . . Exhibit B, and to pay the one-twentieth of the proceeds of sale of all the water produced and which could be produced upon the premises described in said conveyance,

Exhibit A, and plaintiff is hereby defrauded out of and damaged in the sum of $33,250.'' A similar allegation is made as to the alleged sale by the company of certain 148½ inches of said water to said Ward with like result to plaintiff, and it is alleged that this water ''was worth the full sum of $89,000, and the other proportion conveyed by said Exhibit E was worth the full sum of $45,000.'' It is then alleged that ''at the time said indebtedness accrued, on the twenty-first day of April, 1891, at the time of the breach of said contract, Exhibit B, hereof,'' (presumably by making contract Exhibit C,) the number of shares of the company was five thousand, of the par value of fifty dollars each, states the number of shares held by each defendant stockholder, and prays judgment that the company ''be required to account to plaintiff for all the water sold by it and produced from said premises, . . . and that it pay to this plaintiff one twentieth of the net proceeds of such sales of said water, and for damages in the sum of $33,250''; also judgment against each stockholder in amounts stated opposite each name.

The authority of the clerk to enter judgment on default to answer is found in section 585 of the Code of Civil Procedure. Subdivision 1 provides: ''In an action arising upon contract for the recovery of money or damages only, . . . the clerk . . . must enter the default of the defendant, and immediately thereafter enter judgment for the amount specified in the summons. . . .'' Subdivision 2 provides: ''In other actions, . . . the clerk must enter the default of the defendant; and thereafter the plaintiff may apply [to the court] for the relief demanded in the complaint. . . .'' The clerk acts only in a ministerial capacity, and exercises no judicial functions in proceeding under section 585, and his authority is only such as is expressly conferred on him by the statute. Looking at the entire complaint, as I think we must, to determine the cause of action and the relief sought, it is manifest that from the complaint itself, as well also the summons, that an accounting was necessary to any judgment against the company. Plaintiff by her own showing was entitled only to one twentieth of the ''net proceeds of the sales of all water obtained by the said Vivienda Water Company,'' and the contract was careful to define what was meant by net proceeds, which were ''the proceeds of sales over and above the payment of all

expenses of developing, conveying and marketing of said water''; and plaintiff alleged that the sales of water, the dates, quantity, amount of money or other values received were unknown to her and could not be stated, and of course she could not state the expenses incurred by the company, which were to be deducted before her damage could be known; and hence she very properly prayed for an accounting. The summons also stated that the action was brought to recover judgment that the company account to plaintiff for all water produced and sold, and that the damages of $33,250 claimed by her was ''one twentieth of the value of all waters produced and which should have been produced and sold'' by the company under the contract of October 14, 1887. It is true that plaintiff alleges that the value of the water developed (and, on information and belief, the water undeveloped) was $665,-000, and that she alleges she is entitled to one twentieth of this amount, which is $32,250, but the complaint also shows plainly that her damages could not be more than the value of the water after deducting the enumerated items of expense mentioned in the contract, to ascertain which, by her own showing, an accounting was necessary. It would be an extraordinary stretch of the power given the clerk to hold that he could enter a default judgment for an amount to which plaintiff confessedly may not be entitled. A judgment void upon its face is one that appears to be void by an inspection of the judgment-roll. (*People* v. *Harrison,* 84 Cal. 607.) This excess of power exercised by the clerk appears on the face of the record and renders the judgment void; and so appearing it may be reached by motion (*People* v. *Thomas,* 101 Cal. 571); especially as in such a case as this, where the action is pending and has not been brought to trial and the motion is by a party to the action. This view of the matter makes it unnecessary to pass upon respondents' further point, that under section 414 the clerk could not enter the judgment because all the parties had been served with summons and were before the court; it also relieves the court from determining whether the complaint states a cause of action. We think the defendant stockholders had such interest as entitled them to make the motion. Plaintiff alleged that the company had made certain conveyances of its said property to these stockholders, and these transfers were made before the judgment was

entered. These defendants were not only successors in interest of the property involved, but were liable as stockholders for any valid judgment against the corporation. As stockholders they were made parties defendant to recover from them a judgment covering the same liability for which the corporation was sued. If this judgment should stand, we do not see why under some circumstances it might not fix by that much the stockholders' liability, and if this be true they were directly interested in the judgment. But it has been held by this court that one who succeeds to property that is subject to a judgment may appear to have it vacated, though he was not party to the judgment. (*People* v. *Mullen*, 65 Cal. 396; 28 Pac. 812; *Dorland* v. *Smith*, 93 Cal. 120; *Malone* v. *Big Flat etc. Co.*, 93 Cal. 384.)

The order should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.      McFarland, J., Henshaw, J., Temple, J.