[Civ. No. 10463. Third Dist. Feb. 20, 1963.]

DIAMOND NATIONAL CORPORATION, Plaintiff and Appellant, v. GOLDEN EMPIRE BUILDERS, INC. et al., Defendants and Respondents.

Matthew E. Marsh for Plaintiff and Appellant.

Bradford, Cross, Dahl & Hefner and Ted W. Isles for Defendants and Respondents.

PIERCE, P. J.—This is an appeal by plaintiff from an order granting a motion by defendants to set aside a clerk's default and default judgment against all defendants. The grounds of the motion were (1) the defective service of summons and (2) that no judgment in this action could be made without exercise of judicial discretion, and that, consequently, the clerk's judgment was void.[1]

The complaint in its caption named a corporate defendant and four persons, purporting to sue them "individually, and doing business as Cal-Ore Construction Company." In this caption the nature of the entity known as Cal-Ore Construction Company is not stated. There is no mention in the body of the complaint, either of this firm or that defendants are being sued as members of it.

The complaint is in two counts: Count I alleging an indebtedness by defendants (without naming them or specifying in what capacity they were being sued) to plaintiff on an open book account for goods sold at the agreed price of $25,877.77 and Count II alleging indebtedness for said amount as "the reasonable value" of said goods.

A summons was issued bearing the same caption as the caption of the complaint. It is addressed: "To the above named Defendants." The separate certificates attached show service upon defendants Irvin E. Borchert and Allan Lindsey and upon defendant Golden Empire Builders, Inc., a corporation, by service upon its president. All of these

[1] The motion was not, and could not have been, made under Code of Civil Procedure, section 473, upon the grounds of mistake, inadvertence, surprise, or excusable neglect. More than six months (in fact nine months) had elapsed between the default judgment and defendants' notice of motion,

defendants were served in an individual capacity. Other certificates show service upon Chester D. Fippin and Thomas J. Miller. Each of the latter two certificates show service "individually and doing business as Cal-Ore Construction Company," and in each certificate there is an attempt at compliance with the notice requirements of Code of Civil Procedure, section 410.[2] Service against the latter two was defective to the extent that the name "Cal-Ore Construction Company" was not inserted in the certificate in the space provided for the common name under which business was conducted by the associates. The certificate did, however, show compliance with the code section requirement that said defendants be informed they were being served as individuals as well as such associates. Each of said certificates shows the notice contained the statement: "You are also served as an individual."

Service was completed upon all defendants on November 22, 1960. No appearances were made by any of the defendants in any capacity. Default was entered December 5, 1960, and on the same date a clerk's judgment was entered which recites "that the plaintiff Diamond National Corporation, a corporation do have and recover from the defendants Golden Empire Builders, Inc., a corporation, Irvin E. Borchert, Chester D. Fippin, Allan Lindsey and Thomas J. Miller, individually, and doing business as Cal-Ore Construction Company, jointly and severally, the sum of Twenty-five Thousand Eight Hundred Seventy-seven and 77-100 dollars ($25,877.77) . . . ." It is clear from the foregoing recital that service of summons was defective as a means to bind the joint property of the associates (if they were in fact such)

---

[2]Section 410 provides in part: "When the service is against . . . associates conducting business under a common name, in the manner authorized by Section 388, there shall appear on the copy of the summons that is served a notice stating in substance: 'To the person served: You are hereby served in the within action . . . on behalf of (here state the common name under which business is conducted by the associates) as a person upon whom the summons and a copy of the complaint must be served to effect service against said party' . . . . When service is intended to be made upon said person as an individual as well as a person upon whom service must be made on behalf of said . . . associates, said notice shall also indicate that service is had upon said person as an individual as well as on behalf of said . . . associates . . . . [T]he certificate or affidavit of service must recite that such notice appeared on such copy of the summons, if, in fact, it did appear. . . ." The section further provides that if the notices required are not given and the certificate does not show them to have been given then "no default may be taken against . . . such associates."

doing business as Cal-Ore Construction Company. ▆▆ In the first place, the firm was neither sued under the common name nor had the defendants been properly sued as members thereof. The fact they were so designated in the caption of the complaint is not the equivalent of a proper statement of a cause of action against them as associates in the body of the complaint. (39 Cal.Jur.2d, Pleading, § 76, p. 114, and cases cited.) ▆▆ ▆▆ Secondly, the notice requirements of Code of Civil Procedure section 410 were not fully complied with to bind the defendants as members of an association, or to bind the joint property. Service of summons having been defective to that extent, the taking of a default and default judgment against the defendants *as associates* was improper.

But this does not necessarily nullify the effect of the default and default judgment against the defendants, including the corporation, *in their individual capacities*. Service in this case had been made properly against all of the defendants, including the corporation, individually. ▆▆ They also had all been named properly and causes of action had been properly alleged against them, individually. When they were served with summons they were all notified they were being sued in their individual capacities and they could not claim they had been misled to believe that liability was being sought against them only as associates. When they did not appear within the required period the clerk was obliged upon request to take their defaults. (Code Civ. Proc., § 585, subd. 1.)

▆▆ The clerk also was required, under said code section, to enter default judgment against them if this is ''an action arising upon contract for the recovery of money or damages only.'' What does this mean? While the language is quite broad, its meaning is necessarily limited by the fact that the clerk may act ministerially only; he does not possess, and therefore may not exercise, judicial powers. He may not perform acts requiring the exercise of a judicial discretion. Therefore it is settled that the code provision must be limited to apply ''to contracts which provide for some definite fixed amount of damages ascertainable from the contract sued on, or from the terms of which a certain computation or calculation may be made by the clerk.'' (*Landwehr* v. *Gillette,* 174 Cal. 654, 657 [163 P. 1018].)

In this action plaintiff, as we have seen, sued upon an open book account for ''goods, wares and merchandise sold and delivered by the plaintiff to said defendants at said defendants' special instance and request'' for which said goods said defendants are alleged (in the first count) to have promised to pay the sum prayed for. The allegations of this count clearly state a cause of action against all defendants on a contract for a sum certain fixed by the contract which is the type of action in which the clerk, acting ministerially, can enter default judgment.

But respondents argue (and the trial court in vacating the clerk's judgment accepted this argument) that the powers of the clerk are further limited by the provisions of Code of Civil Procedure section 579 as such limitation has been court construed. Section 579 provides: ''In an action against defendants, the Court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, *whenever a several judgment is proper.''* (Emphasis supplied.)

The effect of this provision as a limitation on the clerk's powers was construed in *Lynch* v. *Bencini,* 17 Cal.2d 521 [110 P.2d 662], a case in which one defendant had appeared and another having failed to appear a clerk's default judgment had been taken. It was held that under such circumstances the court must exercise a judicial discretion to determine whether a several judgment was proper before entering judgment against one defendant while allowing the action to proceed against others. The *Lynch* case was followed by this court in *Kooper* v. *King,* 195 Cal.App.2d 621 [15 Cal. Rptr. 848], which was also a case in which certain defendants had appeared and one had defaulted.

The rule of these cases has never been applied, however, so far as our research discloses, to any action in which all defendants have defaulted and, as we see it, it cannot be so applied in a case such as the one at bench, where the obligation of the defendants, all in default, is presumptively joint and several, possibly joint, but certainly not exclusively several. (See Civ. Code, § 1659; 12 Cal.Jur.2d, Contracts, § 153, pp. 367-368.) Defendants by their respective defaults have all admitted the allegations of the complaint which we have quoted above, including the promise by said defendants to pay the sum sued for. (See *Landwehr* v. *Gillette, supra,* p. 658; *Fallon & Co.* v. *United States Overseas Airlines, Inc.,*

194 Cal.App.2d 546, 551 [15 Cal.Rptr. 354].) There is, therefore, no evidence to be taken; no judicial discretion to be exercised. To rule otherwise would be to hold that no clerk's judgment could ever be taken in an action for a sum certain due under a contract for goods sold where a number of defendants, who are presumptively jointly and severally liable, have been sued, and all of whom are in default.

Respondents contend that plaintiff *intended* to sue the defendants as associates, that its complaint should be treated as one where that which was intended had been done; that, so construed, the entity, Cal-Ore Construction Company, should be treated as party which was not in default; that under such construction there was a judicial discretion to be exercised in determining whether all or only a part of the obligation was the obligation of that firm. But this result cannot be reached. Cal-Ore Construction Company was *not* a party. The court had acquired no jurisdiction over the firm (if there was such a firm) or over its property. (2 Witkin, California Procedure, pp. 1016-1017, pp. 1209-1210; *Hildebrand* v. *Stonecrest Corp.*, 174 Cal.App.2d 158, 169 [344 P.2d 378].) The reference in the caption of the complaint to "doing business as Cal-Ore Construction Company" was surplusage. (*Lee* v. *Orr*, 70 Cal. 398 [11 P. 745].) The court cannot create a phantom to exercise a judicial discretion it does not otherwise possess.

Respondents' second contention that the clerk in fixing the amount due in the default judgment exercised a judicial discretion because one count was for the "reasonable value" of goods cannot be sustained either. The complaint stated but one cause of action in two counts. The allegations of the second count of the complaint wherein plaintiff sues for "the reasonable value" of goods sold would not permit the taking of a clerk's judgment. (*Lynch* v. *Bencini, supra,* p. 525.) The first count, however, as we have shown, was for a fixed and definite sum ascertainable from the contract. There were two counts, but only one cause of action. Where one of the counts justifies the clerk's judgment for the amount in which judgment was entered, the fact that another count is included under which the identical amount is prayed for, but upon a theory requiring evidence to be taken, does not destroy the validity of the clerk's judgment. (*Fallon & Co.* v. *United States Overseas Airlines, Inc., supra,* pp. 551-552.)

The order appealed from is reversed and the court is directed to make its order (1) directing the clerk to modify the clerk's judgment heretofore entered by striking therefrom the words "and doing business as Cal-Ore Construction Company" (2) denying defendants' motion to set aside said judgment (as so modified). Appellant shall recover its costs on appeal.

Friedman, J., and Schottky, J., concurred.

A petition for a rehearing was denied March 14, 1963, and respondents' petition for a hearing by the Supreme Court was denied April 17, 1963.