[Civ. No. 11311. Third Dist. May 26, 1966.]

MONTE WILLIAM BROWN et al., Petitioners, v. SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent; CARLENE STEWART, Real Party in Interest.

D. Jack Darley for Petitioners.

No appearance for Respondent.

Wareham Seaman, Richard Koning and Alvin Wohl for Real Party in Interest.

FRIEDMAN, J.—Petitioners are defendants in a lawsuit for recovery of legal fees. Plaintiff in that lawsuit is Carlene Stewart (real party in interest in this proceeding), who sued as assignee of Wareham Seaman, an attorney who had a contract of employment with petitioners. Petitioners were served with process in that suit but did not appear. On October 21, 1964, real party in interest requested entry of their default and presented to the clerk of the court a proposed default judgment in the principal amount of $64,110.42. The clerk entered the default and signed and entered the judgment as requested. On October 8, 1965, petitioners moved to set aside the default and the default judgment. Their motion was denied on October 20, 1965. On November 15, 1965, petitioners filed the present proceeding in mandate, seeking to nullify the default and default judgment.

Petitioners' resort to mandate rests on the assumed ground that the order under attack is not appealable. There is considerable doubt as to the correctness of that assumption. Real party in interest does not oppose the assumption but agrees with it. ▮ The present petition was filed and an alternative writ of mandate issued less than a month after the trial court denied the motion to vacate. Had this court rejected the petition, a notice of appeal could have been filed forthwith. Such an appeal would have involved questions identical to those which have been fully debated in this proceeding. Under these circumstances it is appropriate to grant relief by mandate if it is otherwise warranted. (*Hagan* v. *Superior Court,* 53 Cal.2d 498, 501-502 [2 Cal.Rptr. 288, 348 P.2d 896].)

Two corporations, one of which is M. W. Brown, Inc., and one individual are the petitioners here. The answer to the petition alleges that the corporate powers and privileges of M. W. Brown, Inc., were suspended for nonpayment of corporate franchise taxes on October 1, 1964. (See Rev. & Tax. Code, § 23302.) This allegation of the answer is not controverted by petitioners and is thus admitted. (*Hunt* v. *Mayor & Council of the City of Riverside,* 31 Cal.2d 619, 623 [191 P.2d 426]; *Day* v. *City of Los Angeles,* 189 Cal.App.2d 415, 418 [11 Cal.Rptr. 325].) ▮ The suspension prevented M. W. Brown, Inc., from defending the lawsuit below and from prosecuting this action, defensive though it may be. (Rev. & Tax. Code, § 23301; *Boyle* v. *Lakeview Creamery Co.,* 9 Cal. 2d 16 [68 P.2d 968].)

The complaint in the action below is in three counts. It recites that the defendants (petitioners herein) faced a federal

tax liability totaling approximately $1,000,000; that they then entered into a contract with Mr. Seaman as attorney. The first and second counts incorporate by reference the attorney's contract of employment, the pertinent portion of which is quoted in the margin.[1] The first count seeks recovery on the theory that the attorney had fully performed his services when the clients discharged him; alleges that prior to the clients' breach he had secured a proposal from the tax authorities which would have saved the clients $173,063.73; that, were it not for the breach, he could have saved them an additional $150,752.36, or a "potential savings" of $323,-816.09; that as a result of these savings plaintiff's assignor "was entitled to a fee" the unpaid balance of which was $64,110.42, all alleged to be owing pursuant to the contingency agreement.

The second count of the complaint alleges the discharge and seeks recovery of the identical amount as the unpaid balance of the "fair and reasonable value" of the attorney's services. The third count incorporates by reference all the allegations of the first count regarding the contract, its breach and the "potential savings" and then alleges that an account was stated for the amount in suit.

Petitioners first claim that the complaint "wholly" fails to state a claim for relief, since it fails to allege occurrence of the contingency which made the fee payable. The judgment is immune from this attack. Petitioners' motion to vacate the judgment, made approximately 11 months after entry of default, is not based on Code of Civil Procedure section 473. The motion is a collateral attack upon a judgment alleged to be void on the face of the record. (See *Wells Fargo & Co.* v. *City & County of San Francisco*, 25 Cal.2d 37, 40 [152 P.2d 625]; *Nemeth* v. *Trumbull*, 220 Cal.App.2d 788, 792 [34 Cal.

[1] "Attorneys shall be paid $30.00 an hour for all of their time spent in performing the services hereinabove described.

". . . . . . . .

"Attorneys shall receive, as additional compensation, twenty percent (20%) of the differences for the years 1954 to 1959, inclusive, between the taxes, penalties and interest (before application of net operating loss carrybacks for calendar years ending after December 31, 1959) as finally determined for United States and California income tax and the liabilities for such taxes, penalties and interest proposed under the said petition and revenue agent's report for United States Income Tax and as similarly applied for California Income Tax, computed as of the date of such final determination. Such additional compensation shall be reduced by the fees at $30.00 an hour paid to Attorneys which have been allocated to Clients for Attorneys' services for all fiscal years ending prior to calendar year 1960."

Rptr. 127] ; 3 Witkin, Cal. Procedure (1954), p. 2045.) ▮
The failure of a complaint to state a cause of action does not
expose a default judgment to collateral attack, so long as the
complaint apprises the defendant of the nature of the demand.
(*Smith* v. *Smith,* 40 Cal.2d 461, 465 [254 P.2d 1].)

▮ The second ground on which mandate is sought con-
stitutes an attack on the default judgment but not on the
default. (See *Howard Greer etc. Originals* v. *Capritti,* 35
Cal.2d 886 [221 P.2d 937].) Petitioners urge that the judg-
ment is a nullity, being outside the county clerk's authority
under subdivision 1 of Code of Civil Procedure 585. That
section permits the clerk, as distinguished from the court, to
enter a default judgment in ''an action arising upon contract
for the recovery of money or damages only . . . .''

▮ The county clerk's action in entering the judgment
was a nullity. The clerk's authority under subdivision 1 of
section 585 is limited to contracts where the proper amount
appears in the contract as alleged in the complaint or follows
therefrom by mathematical computation. (*Landwehr* v.
*Gillette,* 174 Cal. 654, 657 [163 P. 1018] ; *Diamond Nat. Corp.*
v. *Golden Empire Builders, Inc.,* 213 Cal.App.2d 283, 287
[28 Cal.Rptr. 616].) If the determination of damages in-
volves the exercise of discretion or the taking of evidence, the
clerk has no power to enter the judgment. (*Lynch* v. *Bencini,*
17 Cal.2d 521, 525 [110 P.2d 662].) His action entering a
default outside the scope of statutory authority is void on the
face of the record. (*Burtnett* v. *King,* 33 Cal.2d 805, 808 [205
P.2d 657] ; *Baird* v. *Smith,* 216 Cal. 408, 410-412 [14 P.2d
749].) Where, on the face of the complaint, the case is not
within subdivision 1 of section 585, the clerk's unauthorized
entry of judgment is void. (*Lynch* v. *Bencini, supra*; *Cross-
man* v. *Vivienda Water Co.,* 136 Cal. 571, 574 [69 P. 220].)
▮ Such a judgment may be set aside independently of
Code of Civil Procedure section 473, with no fixed limit on
the time within which it may be made. (*Craft* v. *Craft,* 49
Cal.2d 189 [316 P.2d 345] ; *Nemeth* v. *Trumbull, supra*; see
also 3 Witkin, Cal. Procedure (1954), p. 2047.)

The first count of the complaint attempts but fails to show
occurrence of the contingency calling for payment of the
attorney's fee at the contract rate. The contract was a con-
tingent one, calling for a fee (other than the hourly fee) of a
percentage of the clients' tax savings ''as finally determined.''
▮ An attorney employed on a contingent fee basis who is
wrongfully discharged by his client may recover the full

contract amount under the same contingency as if he had completed the service; if he elects to sue for damages without establishing the contingency, he is limited to the reasonable value of his actual services. (*Moore* v. *Fellner,* 50 Cal.2d 330, 342-343 [325 P.2d 857]; *Jones* v. *Martin,* 41 Cal.2d 23, 27 [256 P.2d 905]; *Tracy* v. *MacIntyre,* 29 Cal.App.2d 145, 147 [84 P.2d 526]; 6 Cal.Jur.2d, Attorneys at Law, §§ 196, 197.) The first count alleges no settlement and no final determination of the tax liability; only an unaccepted proposal and an ex parte prediction of a future final settlement embodying "potential savings." The first count fails to state a claim for relief at the contract rate and, at best, resembles the second count as stating a claim for the reasonable value of services actually rendered. ■ Where the reasonable value of services must be determined, the clerk has no power to enter a default judgment. (*Lynch* v. *Bencini, supra.* 17 Cal.2d at p. 525; *Landwehr* v. *Gillette, supra,* 174 Cal. at pp. 657-658.)

The third count is premised on the theory of an account stated. In one case, where the complaint contained alternative common counts, one for an account stated, the court sustained the clerk's entry of a default judgment on the account stated. (*Fallon & Co.* v. *United States Overseas Airlines, Inc.,* 194 Cal.App.2d 546, 551 [15 Cal.Rptr. 354]; see comment in *Diamond Nat. Corp.* v. *Golden Empire Builders, Inc., supra,* 213 Cal.App.2d at p. 289; *Norman* v. *Berney,* 235 Cal.App.2d 424, 430-431 [45 Cal.Rptr. 467].) Here the account stated is only a separate theory of recovery, not a separate cause of action. All three counts allege with particularity and rest upon the contingent fee contract incorporated in the first two counts. The third count is based upon the identical facts pleaded in the first two counts. These facts cannot be ignored in determining the character of the plaintiff's unitary claim. (See *Orloff* v. *Metropolitan Trust Co.,* 17 Cal.2d 484, 489 [110 P.2d 396]; *Hays* v. *Temple,* 23 Cal.App.2d 690, 695 [73 P.2d 1248].) No matter how many theories real party in interest chose to plead, she stated only one cause of action, which was a claim for the reasonable value of the attorney's services. Thus the entire complaint was outside the scope of subdivision 1 of section 585.

The petition for mandate alleges that petitioners did not know of the default judgment "until after the time to appeal therefrom had expired." The answer of real party in interest denies this allegation; charges that the then attorney for petitioner knew of the default judgment the day after its

entry; alleges that real party in interest thereafter spent money on collection attempts; urges laches. At the time of the motion in the trial court and during the preparation of the parties' arguments in this proceeding, California case law indicated that a judgment debtor filing a nonstatutory motion to vacate a judgment would be precluded from relief by laches. (*Hallett* v. *Slaughter*, 22 Cal.2d 552, 556-557 [140 P.2d 3]; *Corcoran* v. *City of Los Angeles*, 153 Cal.App.2d 852, 856 [315 P.2d 439].) Since prejudice is a necessary ingredient of laches, that rule made success of the motion dependent upon the absence of prejudice to the judgment creditor. In this case the trial court made no finding on the issue of laches or prejudice. ▆ Since then, a recent decision, *Weitz* v. *Yankosky*, 63 Cal.2d 849, 856-857 [48 Cal. Rptr. 620, 409 P.2d 700], declares that the moving party must show diligence whether or not the other party suffered prejudice from the delay, laches not being an appropriate doctrine in these cases. Aside from the oblique allegation of unawareness ''until after'' the appeal period, neither the moving papers nor the petition for mandate attempts any showing of diligence. Since California case law did not clearly demand such a showing on petitioners' part, they should now have an opportunity to present it.

▆ Invalidity of the judgment entered by the clerk does not affect the default which preceded it. Where the default judgment is only voidable, a motion to set it aside without also vacating the default will be denied as an idle act, since the plaintiff can immediately secure a judgment of like effect. (*Howard Greer etc. Originals* v. *Capritti, supra,* 35 Cal.2d at pp. 888-889.) ▆ Here the judgment is not voidable but void on the face of the record. The ground of invalidity (unauthorized entry by the clerk) supplies no basis whatever for attacking the default. When the judgment is set aside, real party in interest cannot secure a judgment of like effect, but must apply to the court for a judgment under subdivision 2, Code of Civil Procedure section 585, in the amount justified by the complaint, that is, for the reasonable value of services actually rendered. ▆ Petitioners' default admits that something is due but does not admit that the amount prayed for is the proper amount. (*Lynch* v. *Bencini, supra,* 17 Cal. 2d at p. 526.) Under these circumstances, and with an adequate showing of diligence, it would be proper to vacate the judgment without setting aside the default.

The petition is dismissed as to petitioner M. W. Brown, Inc.

Let a peremptory writ of mandate issue, directing the respondent court to set aside so much of its order as denied the remaining petitioners' motion to vacate the default judgment; permitting the remaining petitioners to pursue that motion and in support thereof to demonstrate whether or not they exercised diligence; and entering such further order or orders as are not inconsistent with this opinion.

Pierce, P. J., and Regan, J., concurred.