[Civ. No. 11097. Fourth Dist., Div. One. Apr. 14, 1972.]

LIBERTY LOAN CORPORATION OF NORTH PARK,
Plaintiff and Appellant, v.
JOHN H. PETERSEN, as Clerk, etc., et al., Defendants and Respondents;
JAMES M. GREEN, Real Party in Interest and Respondent.

916

COUNSEL

Hunter M. Muir for Plaintiff and Appellant.

Robert G. Berrey, County Counsel, and Mary Gell, Deputy County Counsel, for Defendants and Respondents.

No appearance for Real Party in Interest and Respondent.

OPINION

AULT, J.—Liberty Loan Corporation appeals from a judgment of the superior court denying its petition for a writ of mandate to compel the clerk of the municipal court to enter a default judgment in an action on a promissory note.

FACTS

On March 30, 1970, appellant Liberty Loan Corporation, as assignee, filed an action in the Municipal Court, San Diego Judicial District, on a promissory note, naming James M. Green who had executed the note as defendant. Paragraph III of the complaint alleged the unpaid balance of the note to be $253 as of January 6, 1970, and incorporated a copy of the note which was attached to the complaint. The note itself showed the original indebtedness to have been $500 and stated: "This loan is evidenced by a note and is secured by a Chattel Mortgage on Household Goods—Automobile." It bore the additional notation: "THIS NOTE IS SECURED BY A CHATTEL MORTGAGE."

Service of process was made on Green and proof was filed with the court. The clerk was requested to enter the defendant's default, and a "Clerk's Judgment under C.C.P. 585(1)." The submitted documents were returned to appellant's attorney who was advised that judgment could not be entered by the clerk because of the notation the note was secured by a chattel mortgage. Appellant's attorney re-submitted the papers to obtain a clerk's judgment, this time accompanied by his declaration stating: ". . . the promissory note . . . is unsecured. . . ." The clerk again refused to enter the default judgment. Appellant made no request to follow the procedure outlined in Code of Civil Procedure section 585, subdivision 2, providing for entry of default judgment by the court.

Appellant then filed a petition for writ of mandate to compel the municipal court clerk to enter the judgment. The superior court issued the alter-

native writ, the municipal court clerk filed his return, and the petition was denied after a hearing. Written findings were signed and judgment denying the writ was entered. This appeal followed.

## ISSUE

The issue on appeal is a narrow one and involves only the consideration of whether appellant was entitled to have the judgment entered *by the clerk* under the circumstances.

## DISCUSSION

■ Code of Civil Procedure section 585, subdivision 1 authorizes the clerk to enter judgment "In an action arising upon contract or judgment of a court of this state for the recovery of money or damages only, . . ." where the defendant has failed to answer the complaint. The broad language used in this section is strictly construed to apply only to "contracts which provide for some definite fixed amount of damages ascertainable from the contract sued on, or from the terms of which a certain computation . . . may be made by the clerk." (*Landwehr* v. *Gillette,* 174 Cal. 654, 657 [163 P. 1018]; *Lynch* v. *Bencini,* 17 Cal.2d 521, 526 [110 P.2d 662].) The court in *Lynch, supra,* said, at page 526:

"The language used in section 585 indicates an intention to provide, in subdivision 1, for the entry of judgment by the clerk where no evidence is necessary to disclose the correct amount, and by subdivision 2 for judgment by the court when the taking of evidence or the exercise of discretion is necessary."

Witkin sums it up succinctly: "In brief, the clerk may only compute; he cannot adjudicate." (4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 140, p. 2802.)

In line with this interpretation of Code of Civil Procedure section 585, subdivision 1, it has been held the clerk can enter a judgment in an action on an account stated (*Fallon & Co.* v. *United States Overseas Airlines, Inc.,* 194 Cal.App.2d 546, 551-552 [15 Cal.Rptr. 354]), and on an open book account (*Diamond Nat. Corp.* v. *Golden Empire Builders, Inc.,* 213 Cal.App.2d 283, 287-288 [28 Cal.Rptr. 616]), but cannot do so in an action requiring any sort of accounting (*Crossman* v. *Vivienda Water Co.,* 136 Cal. 571, 574 [69 P. 220]). When a complaint pleads alternate counts only one of which justifies a clerk's judgment, a valid judgment on that count can be entered by the clerk. (*Fallon & Co.* v. *United States Overseas Airlines, Inc., supra,* 194 Cal.App.2d 546, 551-552; *Norman* v. *Berney,* 235 Cal.App.2d 424, 431 [45 Cal.Rptr. 467].) Even this rule, however,

is strictly construed, and a clerk's judgment will not be permitted where an account stated was only a separate theory of recovery and not stated as a separate cause of action. (*Brown* v. *Superior Court,* 242 Cal.App.2d 519, 525 [51 Cal.Rptr. 633].)

When a debtor is in default, Commercial Code sections 9501-9507 give a creditor holding a security interest several alternative, cumulative remedies.[1] "He may reduce his claim to judgment, foreclose or otherwise enforce the security interest by any available judicial procedure." (§ 9501.) Unless otherwise agreed, the creditor has the right to the possession of the collateral, and may take possession without judicial process if he can do so without a breach of the peace (§ 9503). He may sell, lease or otherwise dispose of the property and apply the proceeds, first, to the expenses (including attorney fees if provided in the agreement) of retaking, preparing for sale, and selling the property; and second, to the satisfaction of the indebtedness (§ 9504). While the debtor remains liable for any deficiency (§ 9504), he is not without some measure of protection. The creditor must dispose of or sell the collateral in a manner which is "commercially reasonable"; the expense he incurs and adds to the balance due must be reasonable; and he must account to the debtor for any surplus (§ 9504).

A default judgment for a deficiency after the creditor has dealt with and sold property which was security for the debt sued upon is not the kind of judgment the clerk is authorized to enter pursuant to Code of Civil Procedure section 585, subdivision 1. Manifestly such a judgment involves more than a mere computation. It requires a determination that the sale was conducted in a "commercially reasonable" manner and that the claimed expenses connected with the repossession and sale were reasonable. Such a judgment requires the exercise of judicial discretion and cannot be made by the clerk. (*Lynch* v. *Bencini, supra,* 17 Cal.2d 521, 526.)

In the instant case the note sued upon showed on its face it was secured by a "chattel mortgage on household goods—automobile." The original debt was $500 and the amount alleged to be due was $253. Nothing in the complaint indicates how the reduction occurred or negates the possibility the collateral securing the note had not been dealt with or sold by appellant.

Assuming the clerk could consider it, the declaration filed by appellant's attorney is equivocal and begs the question. The statement "The note is unsecured." is consistent with the possibility it is unsecured because the security has been sold. If appellant has not dealt with the collateral which

---

[1]There is some indication the note may have been executed in Louisiana. However, both parties have argued the case under California law.

originally secured the note, it would have been a simple matter for it to establish its right to a default judgment in the amount prayed for before the court under Code of Civil Procedure section 585, subdivision 2. Instead it petitioned for a writ of mandate to the superior court and has appealed the denial of its petition to this court. Although the gender is a bit out of kilter, we are reminded of the Queen's line in Hamlet: "The lady doth protest too much, methinks."

Since the clerk's authority to enter a default judgment is strictly construed, it should not be exercised in doubtul cases. Where the note sued upon shows on its face it was secured, the clerk is not required to enter a default judgment, absent a positive allegation in a verified complaint the creditor has not resorted to the collateral securing the note in any manner.

The judgment is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.