*Supp. 8 Opinion
McKAY, P. J.
This is an appeal by plaintiff HSBC Bank Nevada, N.A., from the signed order dismissing its complaint against defendant Lizet G. Aguilar.[1] As explained below, we reverse the order.
BACKGROUND
Plaintiff filed a complaint against defendant seeking money damages by alleging causes of action for breach of contract and common counts of open book account and account stated. The complaint sought damages in the amount of $2,290.37, interest at the rate of 10 percent per annum from the date of April 30, 2009, and attorney fees according to proof.
Plaintiff’s complaint utilized the California Judicial Council-approved form for pleading its causes of action, and checked the appropriate boxes on the form to plead each count. The breach of contract cause of action alleged as follows: that plaintiff and defendant entered into a written credit card agreement; that defendant therein agreed, either by her signature or by her use of the credit card, to pay plaintiff for credit or monies provided by plaintiff; that the agreement provided that in the event of a default, plaintiff would be entitled to the unpaid balance, attorney fees, and costs; and that defendant had failed to make payment on the account as agreed and after demand by plaintiff. The cause of action for common counts alleged that, within the last four years, money was had and received by defendant, money was lent by plaintiff to defendant at defendant’s request, and money was paid, laid out, or expended for defendant at defendant’s special instance or request on an open book account or an account stated in writing.
The summons and complaint were filed on December 11, 2009, and the proof of service of summons was filed on December 30, 2009. The complaint was served via substituted service on December 28, 2009, by a registered process server. The proof of service was supported by a declaration of due diligence and a declaration of mailing. On May 10, 2009, after defendant failed to respond to the complaint, plaintiff sought entry of default and a clerk’s judgment. In its request for entry of default and clerk’s judgment, plaintiff sought $2,290.37 (the amount alleged in the complaint), as well as interest in the amount of $233.10, and costs in the amount of $264. Plaintiff did not seek attorney fees. The clerk entered defendant’s default, but refused to enter judgment. The clerk’s reject sheet referenced California Rules of *Supp. 9 Court, rule 3.1806,[2] and instructed plaintiff to submit either the “original promissory note or contract” or, if the original were not available, to submit “a declaration of lost original.”
When plaintiff failed to comply with the clerk’s instructions, the court set the matter for an order to show cause hearing. The order to show cause was based on plaintiff’s failure to file a request for entry of default judgment as required by California Rules of Court, rule 3.740(f).[3] In response to the order to show cause, plaintiff submitted a declaration and argued therein that it had satisfied all statutory prerequisites to obtain a default judgment, that the clerk was required to enter the default judgment, and that the clerk lacked authority and the court lacked jurisdiction to require plaintiff to produce the “original promissory note.” (Sic.) The order to show cause hearing was continued. Subsequently, plaintiff submitted a request for entry of default judgment that was rejected by the clerk. This was followed by plaintiff filing a motion on January 7, 2011, seeking a court order to compel the clerk to enter default judgment or, in the alternative, for a court order entering default judgment.
On February 3, 2011, the court denied plaintiff’s motion and issued a written ruling setting forth three bases for its decision. First, the court relied upon Liberty Loan Corp. of North Park v. Petersen (1972) 24 Cal.App.3d 915, 918 [101 Cal.Rptr. 395], for the proposition that the clerk is not required to enter default judgment in cases such as plaintiff’s where an accounting was required. The court found that plaintiff’s case required an accounting in order to determine, inter alia, whether any payments made by defendant had been properly applied to the outstanding balance. Second, the court found that plaintiff had the burden of proof but failed to present competent evidence to prove one or more of the following: (1) that there was an assignment of the debt to plaintiff; (2) that there was a contract between plaintiff’s predecessor and defendant; (3) that defendant breached the contract; (4) that plaintiff gave defendant credit for all payments made; and (5) that the individual plaintiff served was the same person who entered into the agreement. Lastly, the court found that the unpublished decision in appellate division case No. BS122041, entitled Professional Collection Consultants v. Superior Court (Aug. 26, *Supp. 10 2009) rejected plaintiff’s position while it also validated the court’s interpretation of the law. According to the trial court, the appellate division in that case denied the writ petition, and the Court of Appeal denied a request to review the appellate division’s order.
At no time did plaintiff submit any evidence in the trial court, or otherwise seek an evidentiary hearing in order to obtain a default judgment. Subsequently, on February 7, 2011, the court dismissed, without prejudice, plaintiff’s complaint against defendant. After the court filed a signed order of dismissal, plaintiff timely filed its notice of appeal.
DISCUSSION
Generally, the issue presented by this appeal is whether the trial court abused its discretion in dismissing plaintiff’s complaint against defendant. Specifically, the question that must be answered by this reviewing court is whether plaintiff was required to present any proof in order to obtain a default judgment against defendant.
Initially, we note that California Rules of Court, rule 3.1806 applies to negotiable instruments, and is not applicable here. Rule 3.1806[4] requires the clerk to undertake certain obligations with respect to a specific category of judgments, namely promissory notes and other written obligations to pay money. (Kahn v. Lasorda’s Dugout, Inc. (2003) 109 Cal.App.4th 1118, 1123 [135 Cal.Rptr.2d 790] [discussing former rule 234, the predecessor to rule 3.1806].) Rule 3.1806 is inapplicable to the case sub judice, as no promissory note is at issue here, and we have found no case applying the rule to a simple contract. The purpose of rule 3.1806 is to ensure that, where the parties’ rights on a written instrument are merged into a judgment, the clerk clearly indicates the merger on the face of the instrument. (Bill Benson Motors, Inc. v. Macmorris Sales Corp. (1965) 238 Cal.App.2d Supp. 937, 941 [48 Cal.Rptr. 123] [discussing former rule 522, also a precursor to rule 3.1806].) No such purpose would be served via application of the rule to the case sub judice.
Code of Civil Procedure section 585, subdivision (a), provides in pertinent part as follows: “In an action arising upon contract or judgment for the recovery of money or damages only, if the defendant has . . . been served, other than by publication, and no answer . . . has been filed with the clerk of the court within the time specified in the summons, ... the clerk, upon written application of the plaintiff, and proof of the service of summons, shall enter the default of the defendant ... so served, and immediately thereafter enter judgment for the principal amount demanded in the complaint, ... or a *Supp. 11 lesser amount if credit has been acknowledged, together with interest allowed by law or in accordance with the terms of the contract, and the costs against the defendant. . . .” (Italics added.)
“The broad language used in . . . section [585] is strictly construed to apply only to ‘contracts which provide for some definite fixed amount of damages ascertainable from the contract sued on, or from the terms of which a certain computation . . . may be made by the clerk.’ [Citations.] ...[][] ‘The language used in section 585 indicates an intention to provide, in subdivision 1, for the entry of judgment by the clerk where no evidence is necessary to disclose the correct amount, and by subdivision 2 for judgment by the court when the taking of evidence or the exercise of discretion is necessary.’ [f] Witkin sums it up succinctly: ‘In brief, the clerk may only compute; he cannot adjudicate.’ [Citation.]” (Liberty Loan Corp. of North Park v. Petersen, supra, 24 Cal.App.3d at p. 918 [discussing former § 585, subds. 1 & 2 which preceded § 585, subd. (a)].)
“In line with this interpretation of Code of Civil Procedure section 585, subdivision 1, it has been held the clerk can enter a judgment in an action on an account stated [citation], and on an open book account [citation], but cannot do so in an action requiring any sort of accounting [citation].” (Liberty Loan Corp. of North Park v. Petersen, supra, 24 Cal.App.3d at p. 918, italics added; accord, Diamond Nat. Corp. v. Golden Empire Builders, Inc. (1963) 213 Cal.App.2d 283, 288-289 [28 Cal.Rptr. 616].) Furthermore, “[i]f the complaint states a cause of action for the recovery of general damages in a specified amount alleged to have resulted from the defendant’s breach of contract and the default of the defendant has been entered, it is the duty of the clerk to enter judgment in accordance with the prayer of the complaint. [Citations.]” (Fallon & Co. v. United States Overseas Airlines, Inc. (1961) 194 Cal.App.2d 546, 552 [15 Cal.Rptr. 354].)
As stated ante, plaintiff’s complaint in this matter alleged a breach of contract, an open book account, and an account stated. The complaint asserted that the parties entered into a written credit card or loan agreement wherein plaintiff agreed to provide credit to defendant in exchange for her agreement to pay plaintiff in accordance with the terms of the contract. It further alleged that defendant failed to pay the sums due plaintiff, despite plaintiffs demand. The complaint further alleged that defendant became indebted to plaintiff on an open book account for money due, and that defendant’s indebtedness was based on an account stated. Such allegations constitute a common count on open book account. (Code Civ. Proc., § 337a;[5] *Supp. 12 e.g., Interstate Group Administrators, Inc. v. Cravens, Dargan & Co. (1985) 174 Cal.App.3d 700, 708 [220 Cal.Rptr. 250].) No prove-up was required.
“The default of the defendant . . . admits, so far as such defaulting defendant is concerned, the absolute verity of all the allegations of the complaint.” {Los Angeles v. Los Angeles F. & M. Co. (1907) 150 Cal. 647, 649 [89 P. 615].) The result of the clerk’s entry of default was that defendant effectively admitted all of the allegations of plaintiff’s complaint. Plaintiff’s common count cause of action was for a fixed and definite sum. Hence, defendant’s default admitted that plaintiff’s complaint was on open book account with $2,290.37 due and owing. All that was left to do was for the clerk to enter judgment in the amount of the open book account as alleged in the complaint. {Liberty Loan Corp. of North Park v. Petersen, supra, 24 Cal.App.3d at p. 918.)
DISPOSITION
The order of dismissal is reversed and the cause is remanded with directions to the trial court to order the clerk to enter a default judgment in favor of plaintiff for $2,290.37 plus interest and costs. Plaintiff to recover costs on appeal.
Keosian, J., and Ricciardulli, J., concurred.

 Defendant has not appeared in this appeal.

 “In all cases in which judgment is rendered upon a written obligation to pay money, the clerk must, at the time of entry of judgment, unless otherwise ordered, note over the clerk’s official signature and across the face of the writing the fact of rendition of judgment with the date of the judgment and the title of the court and the case.” (Cal. Rules of Court, rule 3.1806.)

 California Rules of Court, rule 3.740 concerns the management of cases seeking to recover money obtained through credit when the amount owing is certain and is not more than $25,000. Subdivision (f) of said rule provides that, if defendant has not filed a responsive pleading to the complaint, plaintiff must obtain a default judgment within 360 days of the filing of the proof of service of the complaint. If plaintiff fails to do so, the court is required to set the cause for an order to show cause hearing, but must vacate the hearing date if plaintiff obtains a default judgment at least 10 court days prior to the hearing date.

 All unspecified rule references are to the California Rules of Court.

 Code of Civil Procedure section 337a provides as follows: “The term ‘book account’ means a detailed statement which constitutes the principal record of one or more transactions between a debtor and a creditor arising out of a contract or some fiduciary relation, and shows *Supp. 12 the debits and credits in connection therewith, and against whom and in favor of whom entries are made, is entered in the regular course of business as conducted by such creditor or fiduciary, and is kept in a reasonably permanent form and manner and is (1) in a bound book, or (2) on a sheet or sheets fastened in a book or to backing but detachable therefrom, or (3) on a card or cards of a permanent character, or is kept in any other reasonably permanent form and manner.”